1

GBHABERAps

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                              16-cr-746 (PKC)

DAVID BERGSTEIN and
KEITH WELLNER,

              Defendants.

------------------------------x

                          New York, N.Y.
                          November 17, 2016
                          12:40 p.m.

Before:

                 HON. P. KEVIN CASTEL

                           District Judge

                   APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
BY:  EDWARD A. IMPERATORE, ESQ.
    ROBERT W. ALLEN, ESQ.
    Assistant United States Attorneys

THOMAS H. HENRY BIENERT, JR., ESQ.
STEVEN J. KATZMAN, ESQ.
    Attorneys for Defendant Bergstein
Bienert, Miller & Katzman, PLC


JOSHUA KLEIN, ESQ.
    Attorney for Defendant Wellner
Petrillo Klein & Boxer LLP


Also Present:  Mark S. Olinsky, ESQ.
               Sills Cummis & Gross

GBHABERAps

```
1                          Shannon Bieniek
                           Special Agent
2                          Federal Bureau of Investigation

3                          Kurt Hafer
                           Investigator
4                          U.S. Attorney's Office

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

GBHABERAps

```
 1                  (In open court)

 2             THE CLERK:  United States of America v. David

 3    Bergstein and Keith Wellner.

 4             For the government, please.

 5             MR. IMPERATORE:  Good afternoon, your Honor.  Edward

 6    Imperatore and Robert Allen for the government.  With us at

 7    counsel table are Special Agent Shannon Bieniek with the FBI

 8    and Kurt Hafer, an investigator with the U.S. Attorney's

 9    Office.

10             THE COURT:  All right.  Good afternoon.

11             And for the defendants.

12             MR. BIENERT:  Good morning, your Honor.  Thomas

13    Bienert Jr. and Mr. Katzman on behalf of Mr. David Bergstein,

14    who is present on bond.

15             THE COURT:  All right.

16             MR. KLEIN:  Good afternoon, your Honor.  Josh Klein.

17    I'm here on behalf of Mr. Keith Wellner.

18             I would ask the Court if the Court would permit me to

19    appear today for arraignment purposes.  We are trying to work

20    out a retention arrangement.  We had been representing

21    Mr. Wellner before the indictment, and we're talking about

22    whether or not we can continue.  And if the Court would allow,

23    I would make that request.

24             THE COURT:  All right.  I'm going to allow it.  But I

25    want to tell you that this has to be resolved by -- let me give
```

GBHABERAps

you a date, because Mr. Wellner will either have worked this

out, or he will represent himself pro se, or, if he can fill

out a truthful affidavit of need, I may appoint counsel for

him.  But I will not allow this to go on for weeks or anything

approximating weeks.  So let me give you a date for you to come

back if this is not resolved.

November 29 at 11 a.m. -- 11:30, make that.  And that

is a conference.  And you will notify me in advance whether you

have filed a notice of appearance and I can vacate the

conference, and if you haven't filed a notice of appearance,

that will be the date when I will hear from Mr. Wellner as to

whether he wishes to represent himself, have some other lawyer,

or is eligible under the Criminal Justice Act.

MR. KLEIN:  Understood, your Honor.  Thank you.

THE COURT:  All right.  And that should be explained

to your client.

MR. KLEIN:  Understood.

THE COURT:  All right.  Now let me begin with

Mr. Bergstein's counsel.  Has the defendant in fact received,

reviewed, and discussed with you the indictment in this case?

MR. BIENERT:  Yes, your Honor.

THE COURT:  Is there an application to waive the

public reading thereof?

MR. BIENERT:  Yes, your Honor.

THE COURT:  Mr.Bergstein, how do you plead?  Guilty or

GBHABERAps

1    not guilty?

2              DEFENDANT BERSTEIN:  Not guilty.

3              THE COURT:  All right.  Mr. Wellner's counsel, has he

4    received the indictment, reviewed it, and discussed it with

5    you?

6              MR. KLEIN:  Yes, your Honor.

7              THE COURT:  Is there an application to waive the

8    public reading?

9              MR. KLEIN:  Yes, your Honor.

10             THE COURT:  And, Mr. Wellner, how do you plead to the

11   indictment?  Guilty or not guilty?

12             DEFENDANT WELLNER:  Not guilty, your Honor.

13             THE COURT:  All right.  Mr. Imperatore, let me hear

14   from you as to the volume of discovery in this case and when

15   you anticipate having discovery complete.

16             MR. IMPERATORE:  Yes, your Honor.  The volume of the

17   discovery in this case is roughly 150 gigabytes.  It consists

18   of three principal components, among others.  They include,

19   first, documents produced by Weston, which is the financial

20   advisor that is the subject of the indictment, principally

21   e-mail communications among the defendants and others.  The

22   second component are bank records, brokerage records, and other

23   business records that were produced by roughly 100 entities,

24   principally in response to subpoenas.  And the third component

25   are Gerova concordance databases.  The government believes that

GBHABERAps

this third component, the Gerova databases, are tangential at

beast in relationship to this case, but we are nevertheless

producing them out of an abundance of caution.

          THE COURT:  And out of the volume of materials, what

percentage is the Gerova material?

          MR. IMPERATORE:  I believe it is roughly 75 gigabytes,

which would be about half.

          THE COURT:  OK.

          MR. IMPERATORE:  And so in terms of the production

timing, the government is prepared to produce substantially all

the discovery at this time.  What we've asked of defense

counsel by e-mail last night would be to provide the government

with a 300-gigabyte hard drive.  We will load that with the

discovery for the defendants and send it back.  We understand

from our IT department it will take several days to accomplish

that because of the logistics of copying the material.  But

we're essentially at a point where we can make a very

substantial production now.

          THE COURT:  All right.  So when do you think your

production will be complete?

          MR. IMPERATORE:  I would estimate, your Honor, two

weeks.

          THE COURT:  All right.  And defense counsel are going

to need time to review the produced materials, discuss them

with their client, and be in a position to advise the Court

GBHABERAps

1    whether there are any motions the defendants wish to make in

2    this case.  Let me see whether I can give you a date to come

3    back.  I have some flexibility.  So why don't you tell me how

4    much time you think you need.

5              MR. BIENERT:  Thank you, your Honor.  And government

6    counsel and I -- and I don't know if Mr. Wellner's counsel was

7    able to speak, but we at least spoke outside.  And if we assume

8    that we get the stuff by the end of the month and have about a

9    month to review it, we would hope to set the status hearing or

10   update for the Court after the 1st.  I will say for selfish

11   reasons, because my five kids are out of school the first week

12   of January, I would want to make it, say, January 8th on,

13   whatever time works for your Honor.

14             THE COURT:  All right.  And is that consistent with

15   Mr. Wellner's position?

16             MR. KLEIN:  Yes, your Honor.  I think sometime in

17   January is fine.  It's my experience that in these types of

18   cases with this amount of data, we would normally have to use a

19   data vendor and it would be an additional period of time,

20   probably up to a week, during which they would have to process

21   it.

22             THE COURT:  All right.  Let me see when I can get you

23   a date.

24             While I'm doing that, is there an issue with

25   Mr. Bergstein's counsel in this case, in terms of your

GBHABERAps

1    admission or the like?

2                MR. BIENERT:  Yes, your Honor.  We submitted

3    everything.  And then we got word back from the clerks, in

4    California we typically show that we're in good standing by a

5    certification from the state bar, and we were informed

6    yesterday that your Clerk's Office downstairs wants it to be

7    from the state supreme court.  Frankly we've never heard of it

8    done that way, but we're going to get back and try to get

9    something from the state supreme court.  I don't know how hard

10   or easy that is, because it's always been through the state

11   bar.

12               THE COURT:  Well, it's best that you raise an issue

13   like that at the outset, so that I know you're not admitted

14   either for all purposes or pro hac, before you begin.  But my

15   deputy just informed me of that.  That's the only reason I

16   would know.

17               MR. BIENERT:  Well, we spoke with your deputy about

18   it.  We were expecting to address it.  I didn't want to inter--

19   I didn't know when you wanted us to talk about it.  So my

20   apologies, Judge.

21               THE COURT:  OK.  January 19 at noon.

22               Is there anything further from the government?

23               MR. IMPERATORE:  Yes, your Honor.  Just briefly on

24   discovery, we had proposed two days to -- two days ago a

25   proposed protective order to counsel.  We will confer with

GBHABERAps

1   counsel on that language, and we hope to reach an agreement.

2   And we'll submit to the Court a proposed protective order.

3              THE COURT:  I will endeavor to act on that as soon as

4   I get it.

5              MR. IMPERATORE:  Separately, Keith Wellner's bail was

6   set last week, because he was arrested in this district.  This

7   is the initial appearance for David Bergstein.  So his bail

8   will need to be set today.  And parties have reached an

9   agreement with respect to bail conditions for the Court's

10  consideration, with one or two exceptions, which we'll bring to

11  the Court's attention.

12             THE COURT:  Yes.

13             MR. IMPERATORE:  The parties have agreed that it will

14  be a $2 million bond, secured by $600,000 in real property,

15  specifically a property located at 3907 Edgehill Drive, in Los

16  Angeles, regular pretrial supervision.  The bond will be

17  co-signed --

18             THE COURT:  Edgehill Drive is where, now?

19             MR. IMPERATORE:  Los Angeles, California.

20             THE COURT:  OK.  I got it.

21             Go ahead.

22             MR. IMPERATORE:  The bond will be secured -- I'm

23  sorry -- will be co-signed by two financially responsible

24  persons.  There will be regular pretrial supervision, surrender

25  of all travel documents and no new applications, and no contact

1   with victims for co-defendants.

2          THE COURT:  Except in the presence of counsel.

3          MR. IMPERATORE:  Correct.

4          And so I believe those are the agreed-upon conditions.

5          There are two conditions that the parties disagree on.

6   The first relates to travel.  It's the government's view that

7   travel should be restricted to California, the Southern

8   District of New York, and Eastern District of New York.  I

9   understand that the defense may seek nationwide travel and are

10  prepared to address that with your Honor.

11         The second issue -- I'm not sure there is a

12  disagreement, but the government is seeking surrender of all

13  firearms, which is a recommendation of Pretrial Services.

14  Pretrial has noted in the pretrial report that the defendant

15  has a number of firearms in his residence, and has recommended

16  that they be surrendered to a local police department.  In

17  accordance with that recommendation, the government is seeking

18  that.  We understand that the defense may disagree as to where

19  they should be surrendered.

20         THE COURT:  Let me hear defense counsel.

21         MR. BIENERT:  Thank you, your Honor.  And I agree with

22  the recitation by counsel as to what we agree on.  And a few

23  things I wanted to address.

24         First of all, in terms of travel, we would ask that he

25  be allowed nationwide travel.  And here's why.  My client's

GBHABERAps

1    company is an advisory consulting company.  And totally

2    independent of this business deal that's at issue in this case,

3    which is a 2011 deal, at any given time he's got 12 active

4    deals.  And deals involve a lot of mergers and acquisitions

5    stocks.  It involves a lot of scouting out of companies that

6    could be in any different parts of the country.  And it

7    involves not only travel with the active cases now, to -- for

8    example, he actively is traveling on a fairly regular basis to

9    New Jersey, Texas, Ohio, Illinois, and Nevada.  But the nature

10   of his business, which involves things as wide ranging as food

11   products as well as things related to airplanes and other types

12   of industries, as well as film industry things, his company

13   could get a call tomorrow about a prospective client to go talk

14   to, hypothetically, in Tennessee or anywhere else.

15            THE COURT:  How many employees are there of the

16   company?

17            MR. BIENERT:  22.

18            THE COURT:  And what is his position with the company?

19            MR. BIENERT:  CEO, your Honor.

20            And just to be clear, there are many more people to

21   talk to in deals that he doesn't go talk to people on.  It's a

22   very small percentage.  But oftentimes he needs to get involved

23   when they want to speak to him.  So for that reason, we would

24   just ask that he have nationwide travel.

25            THE COURT:  And what's the other issue?

GBHABERAps

1        MR. BIENERT:  Well, as an aside to that, while we're

2   on travel, I alerted prosecutors, his wife and two kids and he,

3   as well as another family, have a prepaid trip December 16 to

4   13 -- I'm sorry -- December 16 to 23, one week, in Turks and

5   Caicos.  So we are asking if he could do that.  The prosecutor

6   told me they don't typically agree to out of the country.  So

7   we wanted to ask that we could provide to pretrial as well as

8   the government the exact itinerary of where they are, where

9   they're staying, etc.

10       THE COURT:  Why don't you do that and write me a

11  letter regarding the trip, and I'll act on it promptly.

12       MR. BIENERT:  Thank you, your Honor.

13       Finally, on the other issue, the firearms, obviously

14  we agree, first of all, he self-reported the firearms.  We

15  agree that under the rules he should not have firearms.  But at

16  least in our district the way it would typically be done, since

17  they're legal and there's nothing inherently illegal about

18  them, is that he would get a responsible third party or

19  relative.  They would go to wherever they keep them at a

20  different house.  He would not have control of them or not

21  access them, as opposed to going to a police department.

22       So we would ask that he be allowed, given a reasonable

23  amount of time, to just make sure the firearms are out of his

24  possession and control.

25       THE COURT:  Who?  And what circumstances will they

1    hold?  I mean, you know, that's the rub.

2              MR. BIENERT:  Right.  Well, and I guess I would just

3    offer to your Honor that, clearly, the way we would typically

4    done in our district, is, he knows he can't have the firearms.

5    He's not going to control them.

6              THE COURT:  I understand this is how it's done in the

7    Central District of California.  I'm asking the question, who

8    is going to have the firearms?  That's the question.

9              (Defense counsel and client confer)

10             MR. BIENERT:  I'm realizing it's a law in force, but

11   we would ask that he be able to deposit them with the Manzanita

12   Police Department, which is in San Diego County, with the chief

13   of police there, and we can provide the name.

14             THE COURT:  All right.  But in his official capacity,

15   not in his personal capacity.

16             MR. BIENERT:  Well, we're asking to do it in the

17   personal capacity because he's a friend, but we would do it in

18   whatever -- it could be in his official capacity.

19             THE COURT:  Yes, in his official capacity as chief of

20   police.  That's all.

21             Any objection to that as a bail condition?

22             MR. IMPERATORE:  Not so long as it's surrendered to

23   him in his official capacity, your Honor.

24             THE COURT:  All right.  So that, I think, is taken

25   care of.

GBHABERAps

1          What I'm going to do is, I'm going to accept the bail

2     package, with the qualification as to surrender of the firearms

3     to the chief of policeman of Manassa, if I'm pronouncing it

4     correctly.

5          MR. BIENERT:  Manzanita, your Honor.

6          THE COURT:  Manzanita.  And I'm going to direct the

7     government to get an order to me today with the bail

8     conditions.

9          And as to travel, the defendant is going to have to

10    make application to me if he wants to travel beyond California

11    to the Southern and Eastern District of New York.  So I'm

12    denying nationwide travel.  It's important that I know and

13    Pretrial Services know if he is not going to be where we expect

14    him to be.  So you can do it by letter application.  I think

15    you'll find that, in most instances, I can act on it pretty

16    quickly.  So that's what I'm doing.

17         Now, is there anything with regard to Mr. Wellner's

18    bail that's been set already?

19         MR. IMPERATORE:  No, your Honor.  It's already been

20    set.

21         THE COURT:  OK.  Anything further from the government?

22         MR. IMPERATORE:  Yes, your Honor, the exclusion of

23    time.  The government will move to exclude time between 20th

24    and the next conference date, which is January 19, in the

25    interests of justice, to allow the defendants to review the

GBHABERAps

1   discovery the government will produce and to consider any

2   motions.

3            THE COURT:  All right.  Any objection?

4            MR. BIENERT:  No, your Honor.

5            MR. KLEIN:  No, your Honor.

6            THE COURT:  OK.  I find that the ends of justice will

7   be served by granting a continuance to January 19 and that the

8   need for a continuance outweighs the best interests of the

9   public and the defendant in a Speedy Trial.  The reasons for my

10  finding are that the time is needed to enable the government to

11  make discovery available, for defense counsel to review it and

12  discuss it with their clients, and to return to this court to

13  advise if there are any motions they wish to make in this case.

14  And accordingly, the time is excluded between today and

15  January 19.

16           Anything further from the defendants?

17           MR. BIENERT:  Yes, your Honor.  The one thing I want

18  to make sure we have is a date by which we will finish the

19  various components of bond, the most significant of which is

20  getting the property deeded to the court, and I think we had

21  spoken about two weeks, if I'm not speaking out of turn, but

22  just to get a date on the order.

23           THE COURT:  Mr. Imperatore, is that --

24           MR. IMPERATORE:  That's fine, your Honor.

25           THE COURT:  Do we have the Thanksgiving holiday in

GBHABERAps

1    there?

2              MR. IMPERATORE:  Yes.  That's fine and consistent with

3    our discussions with defense counsel.

4              THE COURT:  All right.  So that would put it at

5    December 1.

6              MR. IMPERATORE:  Correct.  And the defendant will be

7    released today.

8              THE COURT:  Yes.  All right.

9              Anything further?

10             MR. KLEIN:  Not for Mr. Wellner, your Honor.

11             THE COURT:  All right.  Thank you all very much.

12             MR. BIENERT:  Thank you, your Honor.

13             MR. KLEIN:  Thank you, your Honor.

14                              o0o

15

16

17

18

19

20

21

22

23

24

25