UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                          16-cr-746 (PKC)

    -against-                         MEMORANDUM
                                            AND ORDER

DAVID BERGSTEIN,

                        Defendant.
-----------------------------------------------------------x

CASTEL, Senior District Judge:

       Defendant David Bergstein moved to quash a grand jury subpoena issued to his former civil attorney, Alex Weingarten, for "all recordings produced by Paul Parmar in litigation." (Bisconti Decl. Ex. 1) (capitalization and emphasis omitted). Parmar is a government informant who recorded many of his conversations with Bergstein in their business dealings. Bergstein contends that the subpoena misuses the grand jury process to prepare for trial in an already indicted case, infringes upon protected work product, and is unreasonable and oppressive. For the reasons set forth below, Bergstein's motion is denied.

DISCUSSION

    I.      <u>Misuse of the Grand Jury Process to Prepare for Trial in an Already Indicted Case.</u>

       The grand jury process may not be used for the "sole or dominating purpose of preparing an already pending indictment for trial." <u>In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Robert M. Simels, Esq.)</u> (<u>Simels</u>), 767 F.2d 26, 29 (2d Cir. 1985) (quoting <u>United States v. Dardi</u>, 330 F.2d 316, 336 (2d Cir. 1964)). A grand jury, however, may continue its investigation into further criminal activity—even when the resulting evidence may relate to pending indictments—so long as the subpoena does not manifest such a dominating purpose.

See United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994); United States v. Long, 697 F. Supp. 651, 658 (S.D.N.Y. 1988) (citing United States v. Zarattini, 552 F.2d 753, 757 (7th Cir. 1977)).

Grand jury subpoenas are presumed to have a proper purpose. United States v. Punn, 737 F.3d 1, 6 (2d Cir. 2013) (citing United States v. Salameh, 152 F.3d 88, 109 (2d Cir. 1998)). The defendant carries the burden of showing the dominating improper purpose of the subpoena. Id. The timing of a subpoena, whether the grand jury investigations are active, and the surrounding facts and circumstances are relevant to determining the dominating purpose of a subpoena. See Simels, 767 F.2d at 29–30 (reversing denial of motion to quash grand jury subpoena when prosecution first withdrew trial subpoena seeking the same evidence, prosecution represented that they sought the evidence to prove an element of the crime at trial, and grand jury investigation was largely inactive).

Based on ex parte submissions by the government, the Court is persuaded that the subpoena at issue is not for the sole or dominating purpose of gaining evidence for trial. The Court received relevant information regarding the active grand jury investigation prior to the government's request to the Court for Rule 16(b), Fed. R. Crim. P., disclosure of the Parmar recordings in Bergstein's possession. (Dkt. 104). Further, unlike the prosecution in Simels, the government here neither sought a trial subpoena for the recordings nor represented that it sought to use the recordings to prove an element at trial. See Simels, 767 F.2d at 29–30. Rather, the government requested the disclosures to which it was entitled under Rule 16(b), Fed. R. Crim. P., and the grand jury has a separate, legitimate need for the recordings to decide whether it should charge one or more additional persons.

II. Work Product.

"In the absence of a claim of privilege[,] a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). A party may obtain standing through a claim of privilege in work product that is subject to a non-party subpoena. See, e.g., United States v. Nachamie, 91 F. Supp. 2d 552, 559–60 (S.D.N.Y. 2000) (distinguishing United States v. Chen De Yian, No. 94 CR. 719 (DLC), 1995 WL 614563 (S.D.N.Y. Oct. 19, 1995) by acknowledging party's legitimate interest in protecting work product from non-party subpoena).

Broadly, the work product doctrine protects certain materials prepared by an attorney on behalf of a client in anticipation of litigation. United States v. Nobles, 422 U.S. 225, 237–38 (1975). Work product may take the form of opinion work product, which generally reflects an attorney's mental processes, or fact work product, which may result from a factual investigation or similar effort by an attorney or his or her agent. In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007). Regardless of the form of work product, however, the doctrine generally applies only to materials prepared by an attorney or his or her agent. In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003). To that end, "the word 'obtain' as it appears in several cases concerning the work product doctrine . . . has never been used to suggest that merely by gathering pre-existing materials, . . . an attorney transforms them into work product." In re Grand Jury Subpoenas Dated Mar. 19 & Aug. 2, 2002, No. M 11-189, 2002 WL 31040322, at *5 (S.D.N.Y. Sept. 12, 2002), aff'd, 318 F.3d 379 (2d Cir. 2003).

Assuming that Bergstein has standing to assert a personal privilege in his former attorney's files, no work product protection exists for the recordings produced by Parmar.

Weingarten did not play any role in creating or preparing the Parmar recordings. Rather, he merely acquired them during his representation of Bergstein. Accordingly, the recordings are not entitled to protection as opinion or fact work product.

III.     Unreasonable or Oppressive.

A party may successfully move to quash a subpoena with which compliance would be unreasonable or oppressive. Rule 17(c)(2), Fed. R. Crim. P. If the subpoena is directed at a nonparty, the party must demonstrate standing to challenge the subpoena by showing that he or she seeks to protect a claim of personal privilege or right. Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). The analysis centers on the "*movant's* legitimate interests" and whether the subpoena affects those interests. United States v. Nachamie, 91 F. Supp. 2d 552, 558–60 (S.D.N.Y. 2000) (emphasis added) (quoting United States v. Giampa, No. S 92 CR. 437 (PKL), 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992) and United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982)).

It is plain that Bergstein has no standing to challenge the subpoena on the grounds that it is unreasonable or oppressive as to Weingarten. The burden that this request places upon Weingarten to produce the Parmar recordings does not implicate Bergstein's personal privileges, rights, or legitimate interests.

CONCLUSION

For the reasons set forth above, defendant Bergstein's motion to quash the grand jury subpoena directed to Alex Weingarten is therefore DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 10, 2017