UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,                  :

                                                                           :

       - v.-                                    :          16 Cr. 746 (PKC)

                                                                           :

DAVID BERGSTEIN,                                   :

                                                                           :

         Defendant.                         :

------------------------------------------------------------------x


## GOVERNMENT'S REQUESTS TO CHARGE


 

JOON H. KIM
Acting United States Attorney for the
Southern District of New York
Attorney for the United States of America

Edward Imperatore
Robert Allen
Elisha Kobre
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
            - v.-                            :      15 Cr. 746 (PKC)
                                             :
DAVID BERGSTEIN,                             :
                                             :
                      Defendant.             :
------------------------------------------------------------x

## GOVERNMENT'S REQUESTS TO CHARGE

    Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests the Court to include the following in its charge to the jury.

# TABLE OF CONTENTS

General Requests ........................................................................................................... 1

The Indictment ............................................................................................................. 2

Summary of Indictment ............................................................................................... 3

Count One: Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – The Statute
.................................................................................................................................... 6

Count One:  Conspiracy and Substantive Counts ........................................................ 7

Count One:  Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – Elements
of Conspiracy ............................................................................................................... 8

Count One:  Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – First
Element: Existence of the Conspiracy ....................................................................... 10

Count One: Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – Object of
the Conspiracy ........................................................................................................... 13

Count One:  Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – Second
Element:  Membership in the Conspiracy ................................................................. 14

Count One: Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – Third
Element:  Overt Acts ................................................................................................. 17

Aiding and Abetting .................................................................................................... 19

Willfully Causing a Crime .......................................................................................... 22

Counts Two and Three: Investment Adviser Fraud – The Indictment and the Statute ................. 23

Counts Two and Three: Investment Adviser Fraud – Statutory Purpose ....................... 24

Counts Two and Three: Investment Adviser Fraud – Fiduciary Duty ............................ 26

Counts Two and Three: Investment Adviser Fraud – Elements of the Offense ............................ 27

Counts Two and Three: Investment Adviser Fraud – First Element: Investment Adviser Named
in Indictment was in Fact an Investment Adviser ...................................................... 28

Counts Two and Three: Investment Adviser Fraud – Second Element: Scheme to Defraud ........ 30

Counts Two and Three: Investment Adviser Fraud – Third Element: Intent .................................. 31

Counts Two and Three: Investment Adviser Fraud – Fourth Element: Interstate Nexus .............. 33

Counts Two and Three: Investment Adviser Fraud – Fifth Element: Aiding and Abetting .......... 34

Counts Four and Five: Securities Fraud – The Indictment and the Statute ...................... 35

Counts Four and Five: Securities Fraud – Statutory Purpose ........................................... 37

Counts Four and Five: Securities Fraud – Elements of the Offense ................................ 39

Counts Four and Five: First Element – Fraudulent Act ................................................. 40

Counts Four and Five: Second Element – Knowledge, Intent and Willfulness .............................. 44

Counts Four and Five: Securities Fraud – Third Element: Instrumentality of Interstate Commerce ....................................................................................................................... 46

Count Six: Conspiracy to Commit Wire Fraud – The Statute .......................................... 48

Count Six:  Conspiracy to Commit Wire Fraud – Elements of Conspiracy ..................... 49

Count Six: Conspiracy to Commit Wire Fraud – First and Second Elements: Existence of the Conspiracy and Knowing Membership in the Conspiracy ...................................... 50

Count Six: Conspiracy to Commit Wire Fraud – No Overt Act Requirement ................. 51

Count Six: Conspiracy to Commit Wire Fraud – Object of the Conspiracy .................... 52

Count Seven:  Wire Fraud – The Statute and the Indictment ........................................... 53

Count Seven: Wire Fraud – Elements of the Offense ...................................................... 54

Count Seven: Wire Fraud -- First Element: Existence of Scheme or Artifice to Defraud ............ 55

Count Seven: Wire Fraud – Second Element: Knowing Participation in Scheme with Intent to Defraud ...................................................................................................................... 59

Count Seven: Wire Fraud – Third Element: Use of Interstate Wires ............................... 62

Conscious Avoidance ....................................................................................................... 64

Venue ............................................................................................................................... 66

Time of Offense ............................................................................................................... 67

Law Enforcement and Government Employee Witnesses ................................................ 68

Cooperating Witness Testimony ...................................................................................... 69

Formal / Informal Immunity of Government Witnesses *[If Applicable]* ........................ 72

Expert Testimony ............................................................................................................. 74

Character Testimony ........................................................................................................ 75

Defendant's Testimony ..................................................................................................... 76

Defendant's Right Not to Testify ..................................................................................... 77

Uncalled Witnesses – Equally Available to Both Sides ................................................... 78

Particular Investigative Techniques Not Required .......................................................... 79

Persons Not on Trial ........................................................................................................ 80

Preparation of Witnesses ................................................................................................. 81

Charts and Summaries – Not Admitted As Evidence ...................................................... 82

Charts and Summaries – Admitted as Evidence .............................................................. 83

Use of Recordings, Text Messages and E-Mails ............................................................. 84

Stipulations ...................................................................................................................... 85

Limiting Instruction – Similar Act Evidence .................................................................. 86

CONCLUSION ................................................................................................................. 87

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a.      Function of Court and Jury.

b.      Indictment Not Evidence.

c.      Statements of Court and Counsel Not Evidence.

d.      Burden of Proof and Presumption of Innocence.

e.      Reasonable Doubt.

f.      Government Treated Like Any Other Party.

g.      Definitions, Explanations, and Example of Direct and
        Circumstantial Evidence.

h.      Inferences.

i.      Credibility of Witnesses.

j.      Right to See Exhibits and Have Testimony Read During Deliberations.

k.      Sympathy: Oath of Jurors.

l.      Punishment is Not to Be Considered by the Jury.

m.      Verdict of Guilt or Innocence Must Be Unanimous.

## REQUEST NO. 2

### The Indictment

The defendant in this matter, DAVID BERGSTEIN, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

## REQUEST NO. 3

### Summary of Indictment

The Indictment contains seven counts or "charges." Count One of the Indictment charges that, from at least in or about 2011 through in or about 2012, the defendant conspired or agreed with others to commit investment advisor fraud and securities fraud.  As I will explain in more detail in a few moments, a conspiracy, such as the one charged in Count One, is a criminal agreement to violate the law.

Counts Two and Three of the Indictment each charge that, from at least in or about 2011 through in or about 2013, the defendant aided and abetted the substantive offense of investment advisor fraud.  Counts Two and Three of the Indictment are substantive counts.  Later on, I will explain to you the differences between a conspiracy count and a substantive count.  For now, just keep in mind that a conspiracy count is different from a substantive count.  Count One charges the defendant with participating in a conspiracy to commit investment advisory fraud and securities fraud.  Counts Two and Three charge the defendant with aiding and abetting investment advisor fraud.

Counts Four and Five of the Indictment each charge that, from at least in or about 2011 through in or about 2012, the defendant committed the substantive offense of securities fraud.

Count Six of the Indictment charges that, from at least in or about 2011 through in or about 2012, the defendant conspired with others to commit wire fraud.  And Count Seven of the Indictment charges the defendant with the substantive offense of wire fraud during that same time-period.

The investment advisor and securities fraud conspiracy charged in Count One relates to an alleged conspiracy by the defendant and others to defraud Weston Capital Asset Management ("Weston"), as well as Weston's investors, by causing Weston to enter into undisclosed and

3

conflicted transactions and then misappropriating a portion of the funds that were disbursed pursuant to those transactions for their own personal use and benefit.

The substantive investor advisor fraud offense charged in Count Two of the Indictment alleges that, from in or about 2011 through in or about 2012, the defendant aided and abetted the commission of investment adviser fraud by a person named Albert Hallac, who served as an investment adviser at Weston.  This investment advisor fraud occurred with respect to investors in Weston's Wimbledon Financing Fund and Partners II Fund.

The substantive investor advisor fraud offense charged in Count Three of the Indictment, in turn, charges that the defendant aided and abetted the commission of investment adviser fraud by Albert Hallac with respect to a different Weston fund called the TT Portfolio.

The substantive securities fraud offenses charged in Counts Four and Five of the Indictment relate to the same scheme to defraud Weston and its investors as the conspiracy charged in Count One.  Count Four of the Indictment charges that Bergstein took part in a scheme to defraud investors in Weston's P2 Fund between, and Count Five of the Indictment charges that Bergstein took part in a scheme to defraud investors in Weston's TT Portfolio, which is another fund that Weston managed.

Count Six of the Indictment relates to an alleged conspiracy by the defendant and others to defraud investors in Weston's P2 Fund and TT Portfolio by entering into transactions with those funds and making misrepresentations about how funds that were disbursed pursuant to those transactions would be used.  Count Seven of the Indictment charges that the defendant committed the substantive offense of wire fraud in connection with the same conduct.

That is a summary of all seven counts in the Indictment. You must consider each count separately, and you must return a separate verdict of guilty or not guilty on each count.  Whether

you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the crime charged in Count One.

> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-6. Honorable
> Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM),
> <u>aff'd</u> <u>mem</u>., 990 F.2d 622 (2d Cir. 1993).

## REQUEST NO. 4

### Count One: Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – The Statute

In Count One of the Indictment, the defendant, DAVID BERGSTEIN, is charged with violating Title 18, United States Code, Section 371. That section provides as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a federal crime].

The defendant is charged in Count One with participating in a conspiracy to violate the federal statutes that make it unlawful to commit investment advisor fraud and securities fraud. Specifically, Count One charges that the defendant agreed to commit investment advisor fraud and securities fraud by causing Weston to enter into undisclosed and conflicted transactions and then misappropriating a portion of the funds that were disbursed pursuant to those transactions.

The Indictment lists the overt acts that are alleged to have been committed in furtherance of the conspiracy charged in Count One.

I will come back to Count Six, the other conspiracy count, later on in my charge.

> Adapted from charge of the Honorable Barbara S. Jones in United States v. Weissman, 01 Cr. 529 (BSJ).

## REQUEST NO. 5

### Count One:  Conspiracy and Substantive Counts

As I have said, Count One of the Indictment charges the defendant with participating in a "conspiracy."  As I will explain, a conspiracy is a kind of criminal partnership – an agreement of two or more people to join together to accomplish some unlawful purpose.  The essence of the crime of conspiracy is an agreement or understanding to violate other law.  If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

The crime of conspiracy – or agreement – to violate a federal law, as charged in the Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, such as that charged in Count Two, which the law refers to as "substantive crimes."

You may find the defendant guilty of the crime of conspiracy – in other words, agreeing to commit investment advisor fraud or agreeing to commit securities fraud – even if you find that the substantive crime which was the object of the conspiracy – investment advisor fraud or securities fraud – was never actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no substantive crime is actually committed.

> Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and United States v. Weissman, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-2. See also United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

7

## REQUEST NO. 6

### Count One:  Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – Elements of Conspiracy

To prove that the defendant is guilty of the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt each of the following three elements:

First, the existence of the conspiracy charged in Count One of the Indictment; that is, the existence of an agreement or understanding to commit at least one of the unlawful objects of the charged conspiracy, which in this case are investment advisor fraud and securities fraud.  The first element then is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?; and

Second, that the defendant willfully and knowingly became a member of the conspiracy, with intent to further its illegal purposes – that is, with the intent to commit the object of the charged conspiracy; and

Third, that any one of the conspirators – not necessarily the defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of the conspiracy.

The Southern District of New York encompasses the following counties:  New York County (i.e., Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.  Anything that occurs in any of those places occurs in the Southern District of New York.  Now let us separately consider each of these elements.

> Adapted from the charges of the Honorable Barbara S. Jones in
> United States v. Ebbers, 02 Cr. 1144 (BSJ) and United States v.
> Weissman, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in

8

United States v. Rigas, 02 Cr. 1236 (LBS); and Sand, et al.,
Modern Federal Jury Instructions, Instr. 19-3.

**REQUEST NO. 7**

**Count One:  Conspiracy to Commit Investment Advisor Fraud and Securities Fraud –
First Element: Existence of the Conspiracy**

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.

To satisfy the first element of a conspiracy – namely, to show that the conspiracy existed – the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan.  If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy.  In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  In addition, in determining whether such an agreement existed, you may consider direct as well as

10

circumstantial evidence.  The old adage, "Actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken altogether and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof, such as evidence of an express agreement.  On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

So, you must first determine whether the evidence proves beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment.  It is sufficient to establish the existence of the conspiracy, as I've already said, if you find beyond a reasonable doubt, from proof of all the relevant facts and circumstances, that the minds of at least two alleged co-conspirators met to accomplish, by the means alleged, the object of the conspiracy.

## Liability For Acts And Declarations Of Co-Conspirators

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the Government charges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed,

11

under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against that defendant. This is so even if such acts were committed or such statements were made in that defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the charges given in United States v. Ilya Boruch, 08 Cr. 820 (GBD) and United States v. Edmund Boyle, 08 Cr. 523 (CM), and from Sand et al., Modern Federal Jury Instructions, Instr. 19-4; see also United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted).

## REQUEST NO. 8

### Count One: Conspiracy to Commit Investment Advisor Fraud and Securities Fraud – Object of the Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree upon or hope to achieve.  As I've mentioned, there are two objects of the conspiracy charged in Count One of the Indictment—first, investment advisor fraud; and, second, securities fraud.  In order to prove that the defendant is guilty of the conspiracy offense charged in Count One, the Government must establish beyond a reasonable doubt that that defendant agreed with others to commit either the offense of investment advisor fraud or the offense of securities fraud.  The Government does not need to prove both objects of the conspiracy.  You must, however, be unanimous as to which type of unlawful conduct, if any, was the object of the conspiracy.

Wholly apart from their inclusion as part of the conspiracy charged in Count One, the objectives of the investment advisor fraud and the securities fraud are charged as separate substantive offenses in Count Two, Three, Four, and Five of the Indictment.  I instruct you that this is permissible.  A crime may be punished for its own sake, and it may also be an object of a conspiracy.  Because the two objects of the conspiracy – investment advisor fraud and securities fraud – are charged as substantive offenses in other Counts in the Indictment, I will be giving you further instructions about those offenses later on and ask you to apply the same law to the object of the conspiracy as charged in Count One of the Indictment.

> Adapted from the charge given in United States v. Weissman, 01 Cr. 529 (BSJ).

13

**REQUEST NO. 9**

**Count One:  Conspiracy to Commit Investment Advisor Fraud and Securities Fraud –
Second Element:  Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the
conspiracy charged in Count One of the Indictment existed, and that the conspiracy had
investment adviser fraud or securities fraud, or both, as its object, then you must next consider
the second element: namely, whether the defendant participated in the conspiracy with
knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In order to satisfy the second element of Count One, the Government must prove beyond
a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a
criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the
conspiracy to further promote and cooperate in its unlawful objective.

**"Willfully" and "Knowingly"**

An act is done "knowingly" and "willfully" if it is done deliberately and purposely —
that is, the defendant's actions must have been his conscious objective rather than a product of a
mistake or accident, mere negligence, or some other innocent reason.

To satisfy its burden of proof that the defendant willfully and knowingly became a
member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond
a reasonable doubt that the defendant knew that he was a member of an operation or conspiracy
to accomplish that unlawful purpose, and that his action of joining such an operation or
conspiracy was not due to carelessness, negligence, or mistake.

Now, knowledge, of course, is a matter of inference from the proven facts.  Science has
not yet devised a manner of looking into anyone's mind and knowing what he is thinking.
However, you do have before you the evidence of acts alleged to have taken place by or with the

14

defendant or in his presence.  The defendant's knowledge is a matter of inference from the facts proven.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

The duration and extent of the defendant's participation in the conspiracy charged in Count One has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was still a member.  Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, a person may know, assemble with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself.   I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

> Adapted from the charges given in United States v. Ilya Voruch, 08 Cr. 820 (GBD) and United States v. Edmund Boyle, 08 Cr. 523 (CM); United States v. Tone Grant, 05 Cr. 1192 (NRB); United States v. Angelo Nicosia, 07 Cr. 907 (SAS); United States v. Xiang Chen, 02 Cr. 300 (LAK); see also Sand, et al., Modern Federal Jury Instructions, Instr. 19-6.

## REQUEST NO. 10

**Count One: Conspiracy to Commit Investment Advisor Fraud and Securities Fraud –
Third Element:  Overt Acts**

The third element of the conspiracy to commit investment advisor fraud and securities fraud charged in Count One of the Indictment is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators – not necessarily the defendant.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy.

The overt acts are set forth in the Indictment.  The Indictment reads as follows:

[*The Court is respectfully requested to read the "Overt Acts"
section of Count One of the Indictment.*]

You may find that overt acts were committed which were not alleged in the Indictment. The only requirement is that one of the members of the conspiracy – not necessarily the defendant in this case – has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.  For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment.

Let me put it colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further that conspiracy.

17

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an object of the conspiracy.

> Adapted from the charge in <u>United States</u> v. <u>Weissman</u>, 01 Cr. 529 (BSJ).

## REQUEST NO. 11

### Aiding and Abetting

Before I proceed to the substantive counts, let me say something about aiding and abetting. Each of the substantive counts charged in the Indictment – including the investment advisor fraud charges in Counts Two and Three, the securities fraud charges in Counts Four and Five, and the wire fraud charge in Counts Seven – also charges the defendant with violating 18 U.S.C. § 2, the "aiding and abetting" statute.  As a result, there are two additional ways that the Government may establish the defendant's guilt on the counts charged in the Indictment.  One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

-- Did he seek by his actions to make the criminal venture succeed?

20

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977). See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (same), cert. denied, 454 U.S. 820 (1981).

## REQUEST NO. 12

### Willfully Causing a Crime

The second way in which the Government can prove the defendant's guilt under 18

U.S.C. § 2 on each substantive count of the Indictment is through a finding beyond a reasonable

doubt that the defendant willfully caused a crime.  Section 2(b) of the aiding and abetting statute,

which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if
> directly performed by him or another would be an offense
> against the United States [shall be guilty of a federal
> crime].

What does the term "willfully caused" mean?  It means that the defendant himself need

not have physically committed the crime or supervised or participated in the actual criminal

conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following

questions:

First, did the defendant take some action without which the crime would not have

occurred?

Second, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions

is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had

actually committed it.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr.
> 11-3.  See United States v. Concepcion, 983 F.2d 369, 383-84 (2d
> Cir. 1992); United States v. Sliker, 751 F.2d 477, 494 (2d Cir. 1984);
> United States v. Margiotta, 688 F.2d 108 (2d Cir. 1982); United
> States v. Gleason, 616 F.2d 2 (2d Cir. 1979); United States v.
> Kelner, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

## REQUEST NO. 13

**Counts Two and Three: Investment Adviser Fraud – The Indictment and the Statute**

As I've previously mentioned, Counts Two and Three of the Indictment charge the

defendant with aiding and abetting two different investment-advisor frauds that were committed

by Albert Hallac, who, the Indictment alleges, was an investment advisor at Weston.  Because

the defendant is not himself and investment advisor, he is not charged as a principal.  Instead, he

charged with aiding or abetting others in the commission of investment adviser fraud.

Specifically, Counts Two and Three allege as follows:

[*The Court is respectfully requested to read Counts Two and Three of the Indictment.*]

The relevant investment adviser fraud statutes are found at Title 15 of the United States

Code, Sections 80b-6 and 80b-17.  The relevant portion of Section 80b-6 provides that: "It shall

be unlawful for any investment adviser by use of the mails or any means or instrumentality of

interstate commerce, directly or indirectly (a) to employ any device, scheme or artifice to defraud

any client or prospective client; (b) to engage in any transaction, practice or course of business

which operates as a fraud or deceit upon any client or prospective client; or (c) to engage in any

act, practice, or course of business that was fraudulent, deceptive or manipulative."

Section 80b-17 is a general penalty provision of the Investment Adviser Act that makes it

unlawful to willfully violate its provisions or any rule or regulation thereunder, and it provides in

pertinent part as follows: "Any person who willfully violates any provision of this subchapter or

any rule, regulation or order promulgated by the SEC under authority thereof, shall be guilty of

an offense against the United States."

**REQUEST NO. 14**

**Counts Two and Three: Investment Adviser Fraud – Statutory Purpose**

The Investment Advisers Act of 1940 was the last in a series of Acts designed to eliminate certain abuses in the securities industry, abuses which were found to have contributed to the stock market crash of 1929 and the depression of the 1930s.  It was preceded by the Securities Act of 1933 and the Securities Exchange Act of 1934, which I will describe in more detail later during these instructions.

Pursuant to a previous act passed by Congress, the United States Securities and Exchange Commission, or "SEC," was directed to study the functions and activities of investment trusts and investment companies.  Pursuant to this mandate, the Commission made an exhaustive study and report which included consideration of investment counsel and investment advisory services.

This SEC Report concluded that investment advisers could not completely perform their basic function – furnishing to clients on a personal basis competent, unbiased, and continuous advice regarding the sound management of their investments – unless all conflicts of interest between the investment counsel and the client were removed.  The report stressed that affiliations by investment advisers with investment bankers or corporations might be an impediment to a disinterested, objective, or critical attitude toward an investment by clients

This study and report – authorized and directed by statute – culminated in the preparation and introduction of a bill which, with some changes, became the Investment Advisers Act of 1940.  The Investment Advisers Act was ultimately enacted with the fundamental purpose of imposing a broad proscription against any practice which operates as a fraud or deceit upon any client or prospective client.  The Investment Advisers Act of 1940 thus reflects a congressional recognition of the delicate fiduciary nature of an investment advisory relationship, as well as a

24

congressional intent to eliminate, or at least to expose, all conflicts of interest that might incline

an investment adviser to render advice which was not disinterested.

> Adopted from the Supreme Court's description of the Act's inception in <u>S.E.C</u>. v. <u>Capital Gains Research Bur.</u>, 375 U.S. 180 (1963).

## REQUEST NO. 15

### Counts Two and Three: Investment Adviser Fraud – Fiduciary Duty

A "fiduciary" is a special type of agency in which a special trust or confidence is entrusted in the agent, who is duty bound to act in the utmost good faith and candor and good conscience with due regard for the interests of the person entrusting the confidence.  Examples of a fiduciary include (but are not limited to) an executor or administrator of an estate; an attorney with respect to the affairs of his client; a guardian of an infant or incompetent person with respect to his ward; and the officers and directors of a corporation with respect to the stockholders of the corporation.  I instruct you as a matter of law that investment advisers are fiduciaries to their investment advisory clients.

Thus, an investment adviser has an affirmative duty of utmost good faith, and full and fair disclosure of all material facts, as well as an affirmative obligation to employ reasonable care to avoid misleading his clients.  I instruct you that a fiduciary owes a duty to disclose all material facts concerning the transaction entrusted to it.  The concealment by a fiduciary of material information which he or she is under a duty to disclose to another, under circumstances where the non-disclosure can or does result in harm to the other, can be a fraud, if the Government has proven beyond a reasonable doubt the other elements of the offense.

> Adapted from S.E.C. v. Capital Gains Research Bur., 375 U.S. 180 (1963); Transamerica Mortg. Advisors v. Lewis, 444 U.S. 11, 17 (U.S. 1979); United States v. Szur, 289 F.3d 200 (2d Cir. 2002); and the charge of the Honorable Ronnie Abrams in United States v. Tagliaferri, 13 Cr. 115 (S.D.N.Y. 2014).

## REQUEST NO. 16

### Counts Two and Three: Investment Adviser Fraud – Elements of the Offense

I will now explain the elements of the investment adviser fraud charge.  In order to prove the defendant guilty of this crime on an aiding and abetting theory, the Government must prove all five of the following essential elements:

First, that the investment adviser named in the Indictment, Albert Hallac, was in fact an investment adviser;

Second, that Albert Hallac did one of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor advisory client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investment advisory clients or prospective investment advisory clients; or (c) engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative;

Third, that Albert Hallac devised or participated in such alleged device, scheme or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, knowingly, willfully, and with the intent to defraud;

Fourth, that Albert Hallac such alleged device, scheme, or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, by use of the mails or an instrumentality of interstate commerce; and

Fifth, that the defendant aided and abetted Albert Hallac by willfully and knowingly associating himself in some way with the crime, and by willfully and knowingly seeking by some act to help make the crime succeed.

> Adapted from the charge of the Honorable Ronnie Abrams in United
> States v. Tagliaferri, 13 Cr. 115 (S.D.N.Y. 2014); and the charge of
> the Honorable Richard J. Sullivan in United States v. Alberto Vilar
> & Gary Tanaka, 05 Cr. 621 (RJS).

27

**REQUEST NO. 17**

**Counts Two and Three: Investment Adviser Fraud – First Element: Investment Adviser Named in Indictment was in Fact an Investment Adviser**

With respect to Counts Two and Three, the first element the Government must prove beyond a reasonable doubt that Albert Hallac was in fact an investment adviser at the time the defendant is alleged to have aided and abetted that person's investment adviser fraud.  Title 15, United States Code, Section 80b-2 defines the term "investment adviser" as applied to this Act. It provides, in pertinent part, as follows: "Investment adviser means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities, but does not include … any broker or dealer whose performance of such services is solely incidental to the conduct of his business as a broker or dealer and who receives no special compensation therefor."

Thus, to determine whether the investment adviser named in the Indictment was in fact an investment adviser under the Act, you must primarily consider three factors:

First, whether the person provided advice or was an adviser that issued reports or analyses regarding securities;

Second, whether the person was in the business of providing such advice; and

Third, whether the person was provided compensation for such advice.

What I have just described to you pertains to your consideration of the first element of Counts Two and Three of the Indictment.  As I mentioned, an investment adviser has a fiduciary duty to his or her clients.

Keep in mind that whether a person or entity is an "investment adviser" is a different issue than whether or not the person or entity is a Registered Investment Adviser. You are instructed that registration with the United States Securities and Exchange Commission as an investment adviser is not required for you to find that a person is an investment adviser as I have defined that term in my instructions to you.

> Adapted from the jury instructions in <u>United States</u> v. <u>James Tagliaferri</u>, 13 Cr. 115 (RA).

## REQUEST NO. 18

**Counts Two and Three: Investment Adviser Fraud – Second Element: Scheme to Defraud**

With respect to each of Counts Two and Three, the second element that the Government must prove beyond a reasonable doubt is that Albert Hallac did any one or more of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor-client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investors or prospective investors; or (c) engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative.

Any one of these types of alleged fraudulent conduct, if proven by the Government beyond a reasonable doubt, is sufficient. However, you must be in unanimous agreement as to which type of unlawful conduct, if any, has been proven by the Government.

I now want to define the phrase, "Device, Scheme, Or Artifice To Defraud." A device, scheme or artifice is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraud or deceit need not relate to the investment value of the securities involved in this case. Additionally, it is also not necessary that the defendant made a profit or that anyone actually suffered a loss for you to find that the Government has proven this element beyond a reasonable doubt.

> Adapted from United States v. Amrep Corp., 560 F.2d 539, 546 (2d Cir. 1977) (distinguishing the existence of a scheme to defraud from the "means adopted to effectuate that scheme," and holding that the government need not prove every means charged in the indictment so long as "there is sufficient overall proof that the scheme exists" (internal quotation marks omitted)) and the jury instructions in United States v. James Tagliaferri, 13 Cr. 115 (RA).

## REQUEST NO. 19

### Counts Two and Three: Investment Adviser Fraud – Third Element: Intent

With respect to Counts Two and Three, the third element the Government must prove beyond a reasonable doubt is that the investment advisor named in the Indictment, who, again, is Albert Hallac, acted knowingly, willfully, and with a specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  Direct proof of knowledge and fraudulent intent, however, is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked

an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.  Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

I remind you that for Counts Two and Three the Government need prove only that the investment adviser acted with an intent to deceive his client.  The Government need not show that the investment adviser acted with an intent to cause harm to his clients.

The Government may prove that the investment advisor acted knowingly and willfully in either of two ways: First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the investment advisor was actually aware that he was making or causing a false statement to be made, or omitting, or causing to be omitted, a material fact.  Second, the investment advisor's knowledge may be established by proof that he was aware of a high probability that the statement was false, or that a material fact was omitted unless, despite this high probability, the facts show that the investment advisor actually believed the statement to be true or that the material fact was not omitted.  This concept is known as conscious avoidance, and I will explain it more fully later in these instructions

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr.
> 57-16; United States v. Tagliaferri, 2016 WL 2342677 (2d Cir.
> May 4, 2016) (intent element for investment adviser fraud is
> "intent to deceive" not "intent to harm").

32

## REQUEST NO. 20

**Counts Two and Three: Investment Adviser Fraud – Fourth Element: Interstate Nexus**

With respect to Counts Two and Three of, the fourth element the Government must prove beyond a reasonable doubt is that the Albert Hallac knowingly used or caused to be used the mails or an instrumentality of interstate commerce, such as interstate telephone or wire communications, in furtherance of the alleged scheme to defraud, or the allegedly fraudulent conduct specified in the Indictment.   The term instrumentality of interstate commerce means instruments, devices and means of conducting trade, commerce, transportation, or communication among any two states, or between this country and a foreign country.  It is not necessary that the investment adviser be directly or personally involved in mailing or use of the instrumentality.  If an investment adviser was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of the mails or interstate wires, then you may find that he caused them to be used.  The items allegedly sent through the mails or communicated through the instrumentality of interstate commerce need not have contained fraudulent material or anything criminal or objectionable, nor need they be central to the execution of the alleged scheme to defraud or allegedly fraudulent conduct and may even be incidental to it.  All that is required is that the use of the mails or instrumentalities must bear some relation to the object of the alleged scheme or conduct.

Adapted from the jury instructions in United States v. James Tagliaferri, 13 Cr. 115 (RA).

## REQUEST NO. 21

**Counts Two and Three: Investment Adviser Fraud – Fifth Element: Aiding and Abetting**

With respect to Counts Two and Three, if the Government proves each of the first four elements just described beyond a reasonable doubt, it will have established that the investment adviser named in the Indictment committed investment adviser fraud.  In order for you to find the defendant guilty with respect to Counts Two and Three, the Government must prove a fifth element beyond a reasonable doubt, namely that the defendant aided and abetted the investment adviser named in the Count by willfully and knowingly associating himself in some way with the crime, and by willfully and knowingly seeking by some act to help make the crime succeed.  I have already provided you instructions with respect to determining whether the defendant aided and abetted a crime committed by another person.  You should follow those instructions here.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977). See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (same), cert. denied, 454 U.S. 820 (1981).

## REQUEST NO. 22

### Counts Four and Five: Securities Fraud – The Indictment and the Statute

Counts Four the Indictment charge the defendant with committing the crime of securities fraud, from at least in or about 2011 through in or about 2012, by engaging in a scheme to defraud investors in Weston's P2 Fund.  Count Five, in turn, charges the defendant with committing the crime of securities fraud, from at least in or about 2011 through in or about 2012, by engaging in a scheme to defraud investor's in Weston's TT Portfolio.

Counts Four and Five allege as follows:

[*The Court is respectfully requested to read Counts Four and Five of the Indictment.*]

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is set forth in 15 U.S.C. § 78j(b). Section 10(b) provides, in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC has created a number of rules and regulations, one of which, known as Rule 10b-5 is relevant here. Rule 10b-5 reads as follows:

> **Employment of manipulative and deceptive devices.** It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
>
> (a) to employ any device, scheme, or artifice to defraud,
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Adapted from the charge of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); Sand, et al., Modern Federal Jury Instructions, Instr. 57-18.

**REQUEST NO. 23**

**Counts Four and Five: Securities Fraud – Statutory Purpose**

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act of 1933, and the creation of the Securities and Exchange Commission. The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed. The Act provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with the distribution of securities. Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of securities so that investors can make informed investment decisions.

When it enacted the Securities Act, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in a grocery store, in that the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities.

Following enactment of the Securities Act of 1933, which requires full and fair disclosures relating to the offering of stock to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions.  Among the primary objectives of the Exchange Act are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock.  Congress recognized that any deceptive or

37

manipulative practice that influenced or related to trading activity undermined the function and

purpose of a free market.

> Adapted from the charge in <u>United States</u> v. <u>Pignatiello</u>, S1 96 Cr.
> 1032 (LBS), and from Sand, et al., <u>Modern Federal Jury
> Instructions</u>, Instr. 57-19.

## REQUEST NO. 24

### Counts Four and Five: Securities Fraud – Elements of the Offense

To establish a violation of Section 10(b), as charged in Counts Four and Five of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of stock, or shares in a company, the defendant did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second, that the defendant acted knowingly, willfully, and with the intent to defraud; and

Third, that the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.  I will discuss each element in turn.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 57-20 and the instruction in United States v. Richard et al., 98 Cr. 1377 (DC); see also United States v. Gleason, 616 F.2d 2 (2d Cir. 1979), cert. denied, 444 U.S. 1082 (1980).

## REQUEST NO. 25

### Counts Four and Five: First Element – Fraudulent Act

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, the defendant did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, it is not necessary for the Government to prove all three types of unlawful conduct in connection with the purchase or sale of securities.  Any one will suffice. You must, however, be unanimous as to which type of unlawful conduct, if any, the defendant committed.

Let me now explain some of these terms.

### "Device, Scheme, Or Artifice To Defraud"

I have previously defined the terms "Device, Scheme, Or Artifice To Defraud" in discussing investment advisor fraud.  You are to follow those instructions here.

### False Statements And Omissions

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was made with the intention to deceive.  The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.  The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or

contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

### "In Connection With"

You cannot find that the Government has proven the first element unless you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities. The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction. You need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

It is not necessary for you to find that the defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities. By the same token, the Government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must

determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

**"Material Fact"**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances.  The word "material" here refers to the nature of the false or misleading statements.  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  Matters that are "material" may also include fraudulent half-truths or omissions of material fact.  A material fact is one that a reasonable person would have considered important in making his or her investment decision.  That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence.  Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged

scheme.  Success is not an element of a violation of Section 78j(b) or Rule 10b-5.  If, however,

you find that the defendant expected to or did profit from the alleged scheme, you may consider

that in relation to the element of intent, which I will discuss in a moment.

> Adapted from the charge of the Honorable Denny Chin in United
> States v. Richards et al., 98 Cr. 1377 (DC); the charge of the
> Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr.
> 1144 (BSJ) and United States v. Weissman, 01 Cr. 529 (BSJ); the
> charge of the Honorable Michael B. Mukasey in United States v.
> Goldenberg, 98 Cr. 974 (MBM) (S.D.N.Y. Dec. 20, 1999); and
> from the charge of the Honorable Leonard B. Sand in United States
> v. Pignatiello, S1 96 Cr. 1032 (LBS) (July 14, 1999), and from
> Sand, et al., Modern Federal Jury Instructions, Instrs. 57-20, 57-
> 21. See also United States v. Skelly, 442 F.3d 94, 98 (2d Cir.
> 2006); United States v. Santoro, 302 F.3d 76, 80-81 (2d Cir. 2002)
> ("Unlike customers who independently find their stocks and whose
> brokers merely execute trades at their command, customers who
> rely on investment recommendations reasonably trust their brokers
> to fully disclose all information pertinent to the recommendation
> and quality of the investment."); United States v. Szur, 289 F.3d
> 200, 210 (2d Cir. 2002) see also Sand, et al., Modern Federal Jury
> Instructions, Instr. 44-4; United States v. Amrep Corp., 560 F.2d
> 539, 546 (2d Cir. 1977) (distinguishing the existence of a scheme
> to defraud from the "means adopted to effectuate that scheme,"
> and holding that the government need not prove every means
> charged in the indictment so long as "there is sufficient overall
> proof that the scheme exists" (internal quotation marks omitted)).

## REQUEST NO. 26

### Counts Four and Five: Second Element – Knowledge, Intent and Willfulness

The second element of Counts Four and Five that the Government must establish is that the defendant acted knowingly, willfully and with intent to defraud.

I have already instructed you as to the definition of these terms in regard to Counts Two and Three.  You are instructed to apply those same definitions when deliberating in regard to Counts Four and Five.  I remind you that for Counts Four and Five the Government need prove only that the defendant acted with an intent to defraud, that is, the intent to deceive.  The Government need not show that the defendant acted with a specific intent to cause harm.

At this point, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that "good faith," as I will define that term, on the part of the defendant is a complete defense to a charge of securities fraud.  The defendant has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.  Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth of the representations made by the defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not the defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money or that particular investments would ultimately be financially advantageous for clients does <u>not</u> necessarily constitute good faith. No amount of honest belief on the part of the defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against the defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-16; <u>United States</u> v. <u>Litvak</u>, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

## REQUEST NO. 27

### Counts Four and Five: Securities Fraud – Third Element: Instrumentality of Interstate Commerce

The third and final element of Counts Four and Five – the substantive securities fraud counts – that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails or an instrumentality of interstate commerce was used in furtherance of the fraudulent scheme.  Only one of the above – either the mails or an instrumentality of interstate commerce – is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce.  If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or an instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it.  All that is required is that the use of the mails or an instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

46

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or an instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant was still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce were used.

The use of the term "mails" is self-explanatory, and includes the United States Mail and Federal Express and other commercial mail couriers.  The term "instrumentality of interstate commerce" includes any communications network that involves more than one state.  Interstate telephone calls – i.e., telephone calls made by a caller in one state to another person in another state, or from the United States to another country, or vice versa – would be an example of using an instrumentality of interstate commerce.  Other examples would be an email or a facsimile that was sent from one state to another state, or from the United States to another country, or vice versa.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 57-20, 57-25; United States v. Giordano, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

**REQUEST NO. 28**

**Count Six: Conspiracy to Commit Wire Fraud – The Statute**

Count Six charges the defendant with participating in a conspiracy, from at least in or about 2011 through in or about 2012, to violate the federal statute that makes it unlawful to commit wire fraud, in violation Title 18, United States Code, Section 1349.  That section provides as follows:

> Any person who . . . conspires to commit any offense under this chapter [including wire fraud, shall be guilty of a crime].

The defendant is charged in Count Six Specifically, Count Six charges that the defendant agreed with at least one other person to commit wire fraud in connection with transactions involving Weston.

> Adapted from Judge Jones's charge in <u>United States</u> v. <u>Weissman</u>, 01 Cr. 529 (BSJ).

48

**REQUEST NO. 29**

**Count Six:  Conspiracy to Commit Wire Fraud – Elements of Conspiracy**

To prove the defendant guilty of the conspiracy charged in Count Six, the Government must prove beyond a reasonable doubt each of the following two elements:

First, the existence of the conspiracy charged in Count Six of the Indictment; that is, the existence of an agreement or understanding to commit the unlawful object of the charged conspiracy, which in this case is wire fraud; and

Second, that the defendant willfully and knowingly became a member of the conspiracy, with the intent to further its illegal purposes – that is, with the intent to commit the object of the charged conspiracy.

49

**REQUEST NO. 30**

**Count Six: Conspiracy to Commit Wire Fraud – First and Second Elements: Existence of the Conspiracy and Knowing Membership in the Conspiracy**

The first and second elements of the conspiracy charged in Count Six are the same as the first two elements the Government is required to prove with regard to the conspiracy alleged in Count One; namely, the existence of an agreement to violate the law and the defendant's knowing and willful entry into that agreement.  The instructions I provided earlier about what it means to have an unlawful agreement and what it means to knowingly enter into that agreement similarly apply to Count Six.  Keep in mind, you may find the defendant guilty of the crime of conspiring to commit wire fraud even if the substantive crime of wire fraud was not actually committed.  Conspiracy is a crime, even if the conspiracy is not successful, or if the defendant himself did not commit the substantive crime.

Now I will explain the requirements of the conspiracy alleged in Count Six that differ from the conspiracy alleged in Count One – the lack of an overt act requirement and the object of the conspiracy.

**REQUEST NO. 31**

**Count Six: Conspiracy to Commit Wire Fraud – No Overt Act Requirement**

Unlike the conspiracy charged in Count One of the Indictment, Count Six does not have an overt act requirement.  It is not necessary for the Government to prove that an overt act in furtherance of the conspiracy charged in Count Six took place.  The Government need only prove, as I have already explained, the existence of the conspiracy charged in the Indictment and that the defendant knowingly and intentionally became a member of the conspiracy.

> See United States v. Roy, 783 F.3d 418, 420-21 (2d Cir. 2015) (conviction for violation of Title 18, United States Code, Section 1349, does not require proof of an overt act in furtherance of the conspiracy).

## REQUEST NO. 32

### Count Six: Conspiracy to Commit Wire Fraud – Object of the Conspiracy

The object of the conspiracy charged in Count Six of the Indictment is wire fraud.  In order to prove that the defendant is guilty of the conspiracy offense charged in Count Six, the Government must establish beyond a reasonable doubt that that defendant agreed with others to commit wire fraud.

Wire fraud is  charged not only as an object of the conspiracy charged in Count Six but also as a separate substantive offense in Count Seven.  I will give you further instructions about wire fraud now.

**REQUEST NO. 33**

**Count Seven:  Wire Fraud – The Statute and the Indictment**

Count Seven of the Indictment charges the defendant with committing the substantive offense of wire fraud, from at least in or about 2011 through in or about 2012.  Wire fraud is also the object of the conspiracy charged in Count Six of the Indictment.  As I just explained, wire fraud is a violation of Title 18, United States Code, Section 1343.

That statute provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a federal crime]

Specifically, Count Seven charges that the defendant committed wire fraud in connection with transactions with Weston.

[*The Court is respectfully requested to read Count Seven of the Indictment.*]

53

**REQUEST NO. 34**

**Count Seven: Wire Fraud – Elements of the Offense**

In order to prove the defendant guilty of wire fraud, the Government must establish

beyond a reasonable doubt the following three elements:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to

defraud others of money or property by false or fraudulent pretenses, representations, or

promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme

or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to

defraud; and

Third, that in the execution of that scheme, the defendant used, or caused the use by

others, of interstate or foreign wires.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); and the charge of the Honorable Ronnie Abrams in United States v. Tagliaferri, 13 Cr. 115 (S.D.N.Y. 2014).

## REQUEST NO. 35

**Count Seven: Wire Fraud -- First Element: Existence of Scheme or Artifice to Defraud**

The first element of Count Seven that the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an object. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises. It is a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

In order to establish a scheme to defraud, the Government need not show that any defendant made a misrepresentation. A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made. In addition, even if you find that the statements the Government contends were made or contemplated by the defendant in furtherance of the scheme were literally true, you can still find that the first element of the wire fraud statute has been satisfied if the statements and/or conduct of the defendant were deceptive. You may also find the existence of such a scheme if you find that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

A "pretense, representation, or statement" is fraudulent if it was made falsely and with intent to deceive. A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or concealment must relate to a material fact or matter. I have previously explained that a material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts.

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving another of money or property. It is not necessary for the Government to establish that the defendant actually realized any gain from the scheme or that any particular person actually suffered any loss as a consequence of the fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

In this regard, a person is not deprived of money or property only when someone directly takes his money or property from him.  Rather, a person is also deprived of money or property when important, potentially valuable economic information is withheld from that person or when that person is provided false or fraudulent information of that nature that, if believed, would prevent him from being able to make informed economic decisions about what to do with his money or property.  In other words, a person is deprived of money or property when he is deprived of the right to control that money or property.  And he is deprived of the right to control that money and property when important, potentially valuable economic information is withheld from him or where he receives false or fraudulent information of that nature that affects his ability to make discretionary economic decisions about what to do with that money or property.  Again, the Government need not show that that any victim investor lost money or property as a result of the scheme.  Such a loss must, however, have been contemplated by the defendant you are considering.  To put it another way, it is not necessary that a defendant have intended that his misrepresentations or omissions would cause an actual loss; it is sufficient that a defendant intended that the misrepresentations or omissions would induce the victim to enter into the transaction without the relevant facts necessary to make an informed economic decision.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-4 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); and the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); see United States v. Binday, 804 F.3d 558, 579 (2d Cir. 2015) (holding that "it is not necessary that a defendant intend that his misrepresentation actually inflict a financial loss—it suffices that a defendant intend that his

misrepresentations induce a counterparty to enter a transaction without the relevant facts necessary to make an informed economic decision"); United States v. Tagliaferri, No. 15-536, 2015 WL 2342712, at *4 (2d Cir. May 4, 2016) (wire fraud does not require actual financial loss; it is sufficient if the victim was "deprived of potentially valuable economic information, such as where the deceit affected the victim's economic calculus or exposed the victim to unexpected economic risk") (internal quotations and citations omitted); United States v. DiNome, 86 F.3d 277, 284 (2d Cir. 1996) (definition of property includes the right to control the use of one's assets; where defendant intends to deprive victim of information material to victim's decision on how to deal with his assets, required intent to defraud is present); see United States v. Trapilo, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (interpreting wire fraud statute; "The term 'scheme to defraud' is measured by a 'nontechnical standard. It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general [and] business life of members of society. . . . The scheme exists although no misrepresentation of fact is made'") (citations omitted).  See also United States v. Finazzo, 850 F.3d 94, 112 (2d Cir. 2017).

**REQUEST NO. 36**

**Count Seven**: **Wire Fraud – Second Element: Knowing Participation in Scheme with Intent to Defraud**

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.  To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participated in or have knowledge of all of the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose. As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud.  I have previously defined the terms "knowingly" and "willfully," and you are to follow those instructions here.

The defendant acted with specific intent to defraud if he engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim.  The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated.  Actors are presumed to intend the natural and probable consequences of their actions.  So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  As I explained before, direct proof of knowledge, willfulness, and fraudulent intent is almost never available.  Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Also, as I instructed you in regard to other Counts, I remind you that "good faith," as I previously defined that term, is a complete defense to a charge of wire fraud.  The defendant has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.  Please also keep in mind, however, that as I have previously instructed you, that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money or that particular investments would ultimately be financially advantageous for clients does <u>not</u> necessarily constitute good faith.  No amount of honest belief on the part of the defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

    Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 44-5.

## REQUEST NO. 37

### Count Seven: Wire Fraud – Third Element: Use of Interstate Wires

Now, the third and final element that the Government must establish beyond a reasonable doubt as to each wire fraud count is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as New Jersey, California, or a territory, such as the U.S. Virgin Islands, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the particular defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

Let me also add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); and the charge of the Honorable Ronnie Abrams in United States v. Tagliaferri, 13 Cr. 115 (S.D.N.Y. 2014); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and the charge of the Honorable John G. Koeltl, United States v. Szur, S5 97 Cr. 108 (S.D.N.Y. 1998); Pereira v. United States, 347 U.S. 1, 8-9 (1954) (defendant "causes" mailing so long as he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such can reasonably be foreseen."); United States v. Keats, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), cert. denied, 502 U.S. 950 (1991); United States v. Bortnovsky, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement in mail fraud case; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud); United States v. Blackmon, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); United States v. Muni, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); Schmuck v. United States, 489 U.S. 705 (1989); United States v. Paccione, 949 F.2d 1183, 1196 (2d Cir. 1991), cert. denied, 112 S. Ct. 3029 (1992); United States v. Keats, 937 F.2d 58, 64 (2d Cir.), cert. denied, 112 S. Ct. 399 (1991).

## REQUEST NO. 38

### Conscious Avoidance

I told you earlier that the defendant must have acted knowingly in order to be convicted. This is true with respect to the objects of the conspiracy charged in Counts One and Six, as well as the substantive crimes charged in Counts Two, Three, Four, Five, and Seven.  In determining whether the defendant acted knowingly with respect to the substantive crimes or the objectives of the conspiracy, you may consider whether that defendant closed his eyes to what otherwise would have been obvious to him.  That is what the phrase "conscious avoidance" refers to.

As I told you before, acts done knowingly must be a product of a person's conscious intention.  They cannot be the result of carelessness, negligence, or foolishness.  But a person may not intentionally remain ignorant of a fact that is material and important to his conduct in order to escape the consequences of criminal law.  We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew.  Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

With respect to the conspiracy counts, you must also keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one hand, and knowing the specific object or objects of the conspiracy, on the other.  You may consider conscious avoidance in deciding whether the defendant knew the objective or objectives of a

conspiracy; that is, whether the defendant reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crimes charged as objects of that conspiracy and deliberately avoided confirming that fact but participated in the conspiracy anyway.  But conscious avoidance cannot be used as a substitute for finding that the defendant intentionally joined the conspiracy in first place.  It is logically impossible for the defendant to intend and agree to join a conspiracy if he does not actually know it exists, and that is the distinction I am drawing.

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.  You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

> Adapted from the charge in United States v. Datta, S1 11 Cr. 102 (LAK).  See also United States v. Kozeny, 667 F.3d 122, 132 (2d Cir. 2011) (the "jury may be instructed on conscious avoidance only where '(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'") (quoting United States v. Ferrarini, 219 F.3d 145, 154 (2d Cir. 2000)); United States v. Reyes, 302 F.3d 48, 54 (2d Cir. 2002) (in addition to actual knowledge, "a defendant can also be said to know a fact if he 'is aware of a high probability of its existence, unless he actually believes that it does not exist.'") (quoting Leary v. United States, 395 U.S. 6, 46 n.93 (1969)); United States v. Ferrarini, 219 F.3d 145, 154 (2d Cir. 2000) ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact.").

## REQUEST NO. 39

### Venue

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, Westchester, as well as several other counties, so anything that occurs in Manhattan occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York.  To satisfy this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt. It need not meet that standard on the venue requirement and the venue requirement only.  The Government meets its burden of proof if it establishes by a preponderance of the evidence – simply tips the scale in its favor – that an act in furtherance of the crime occurred within the Southern District of New York.  A preponderance of the evidence means that something is more likely than not.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11.; the charge of the Honorable William H. Pauley, III in United States v. Rahman, 09 Cr. 442 (WHP) (S.D.N.Y. 2009); the charge of the Honorable Michael B. Mukasey in United States v. Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), Tr. at 439; and the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

# REQUEST NO. 40

## Time of Offense

As to each Count in the Indictment, various date ranges are alleged.  It is sufficient if you find that the charged conduct that occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

> Adapted from the charges given in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK), and <u>United States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB).

## REQUEST NO. 41

### Law Enforcement and Government Employee Witnesses

*[If Applicable]*

You have heard testimony from law enforcement officials and employees of the Government.  The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

## REQUEST NO. 42

### Cooperating Witness Testimony

You have also heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account

the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about cooperation agreements entered into between the Government and cooperating witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

Adapted from the charge given in United States v. Carrero, 91 Cr. 365, and from Sand et al., Modern Federal Jury Instructions, Instr.

7-5.  <u>See also</u> <u>United</u> <u>States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); <u>United</u> <u>States</u> v. <u>Cheung</u> <u>Kin</u> <u>Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); <u>United</u> <u>States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## REQUEST NO. 43

### Formal / Informal Immunity of Government Witnesses *[If Applicable]*

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court (formal immunity), or who have been promised by the Government in written agreements that in consideration for their truthful testimony and cooperation with the Government, they will not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors (informal immunity). With respect to both categories of witnesses, what this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by Order of this Court. Similarly, the Government is permitted to enter into non-prosecution agreements and is entitled to call as witnesses people to whom these promises have been given. You may convict the defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity by the Court, or who has been given a written non-prosecution agreement by the Government, should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

72

Such testimony should be scrutinized by you with great care and you should act upon it with caution.  If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

> Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-8.

## REQUEST NO. 44

### Expert Testimony

*[If applicable]*

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-21.

74

**REQUEST NO. 45**

**Character Testimony**

*[If Applicable]*

You have heard testimony that the defendant, DAVID BERGSTEIN, has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that that defendant committed the crime.

> Adapted from the charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

## REQUEST NO. 46

### Defendant's Testimony

*[If Applicable]*

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

See United States v. Gaines, 457 F.3d 238, 249 (2d Cir. 2006).

**REQUEST NO. 47**

**Defendant's Right Not to Testify**

*[If Applicable]*

The defendant did not testify in this case.  Under our Constitution, the defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

## REQUEST NO. 48

### Uncalled Witnesses – Equally Available to Both Sides

There are people whose names you heard during the course of the trial but did not appear to testify.  [If applicable: One or more of the attorneys has referred to their absence from the trial.]  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

78

## REQUEST NO. 49

### Particular Investigative Techniques Not Required

*[If applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

## REQUEST NO. 50

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charge of the Honorable Henry F. Werker in
> United States v. Barnes,  S 77 Cr. 190 (S.D.N.Y. 1977), aff'd, 604
> F.2d 121, 147 (2d Cir. 1979).

## REQUEST NO. 51

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adopted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

81

**REQUEST NO. 52**

**Charts and Summaries – Not Admitted As Evidence**

*[If Applicable]*

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the charge of the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Peirce</u>, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

**REQUEST NO. 53**

**Charts and Summaries – Admitted as Evidence**

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-12. <u>See also</u>
> Fed. R. Evid. 1006.

**REQUEST NO. 54**

**Use of Recordings, Text Messages and E-Mails**

Recordings of telephone conversations, text messages, and e-mails have been admitted

into evidence.  I instruct you that this evidence was obtained in a lawful manner and that no

one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions regarding the obtaining of such evidence,

you must give this evidence full consideration along with all the other evidence in this case in

determining whether the Government has proved the defendant's guilt beyond a reasonable

doubt.  What weight you give these materials, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in
United States v. Joseph Brideson et al., S6 00 Cr. 1118 (MBM).

## REQUEST NO. 55

### Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, et al., Modern Federal Jury Instructions, Instrs. 5-6 & 5-7.

**REQUEST NO. 56**

**Limiting Instruction – Similar Act Evidence**

*[If applicable]*

The Government has offered evidence tending to show that on another occasion, the defendant engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act or acts he must also have committed the acts charged in the Indictment.

> Adapted from the charge of Hon. John Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand et al., Modern Federal Jury Instructions, Instr. 5-25.

## CONCLUSION

Members of the jury, that about concludes my instructions to you.  You are about to go into the jury room to begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them.  If you want any of the testimony read back or any of the recordings played again, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation.  Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age.  The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.  It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in. If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Dated: December 18, 2017
      New York, New York

                                Respectfully submitted,

                                JOON H. KIM
                                Acting United States Attorney

By:               /s/
                                Edward Imperatore
                                Robert Allen
                                Elisha Kobre
                                Assistant United States Attorneys
                                Tel: (212) 637-2327/2216/2599
                                Fax: (212) 637-0083