**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| - vs – | |
| **DAVID R. BERGSTEIN,** *et al,* | Case No. 16-cr-746-PKC |
| **Defendant.** | |
| **In Re Grand Jury Subpoena (Gaynor & Umanoff LLP)** | |

**DEFENDANT DAVID BERGSTEIN'S REPLY IN SUPPORT OF MOTION TO QUASH POST-INDICTMENT GRAND JURY SUBPOENA**

Thomas H. Bienert, Jr.
Kenneth M. Miller
Anthony R. Bisconti
BIENERT, MILLER & KATZMAN PLC
903 Calle Amanecer, Ste. 350
San Clemente, CA 92673
T: 949.369.3700
F: 949.369.3701
E-mail: tbienert@bmkattorneys.com
        kmiller@bmkattorneys.com
        tbisconti@bmkattorneys.com

*Counsel to David Bergstein*

Dated: January 4, 2018

Defendant David Bergstein ("Mr. Bergstein")[1] submits this reply in support of his motion to quash the grand jury subpoena served by the government on the Gaynor Firm, who was engaged by Mr. Bergstein's tax counsel (the Hochman Firm) under a Kovel agreement.  For all the reasons set forth in the motion and below, the Court should quash the Grand Jury Subpoena.

### A.    The Government Continues To Improperly Use The Grand Jury As A Private Tool To Develop Evidence For Trial In This Case.

In its opposition, the government disclaims that it is using the Grand Jury Subpoena, which seeks copies of Mr. Bergstein's tax returns and other information, to prepare this case for trial. The government attempts to distinguish the facts here from those in *In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985* (*Robert M. Simels Esq.*), 767 F.2d 26 (2d Cir. 1985) ("*Simels*"), because the government purportedly (i) did not first issue a trial subpoena to the Gaynor Firm for the tax records and (ii) has not represented to the Court that it seeks the materials "solely for evidentiary purposes."  *See* Opp. at 10.  The government's arguments are unpersuasive and must be rejected.

The government fails to acknowledge that it served the Grand Jury Subpoena on the Gaynor Firm just five days before it filed a motion with this Court seeking to introduce Mr. Bergstein's tax returns at trial in this case "as direct evidence of the charged crimes" or under Rule 404(b).  The government specifically argues that the "tax returns are therefore important to rebut any defense that Bergstein acted in good faith and was lawfully entitled to the proceeds that he received." *See* Doc. 172 at 20 & 21.  Moreover, the government's refusal to grant a simple 30-day extension to respond to the subpoena, which is a common extension particularly considering the intervening holidays, leaves no doubt that the government is using the Grand Jury Subpoena to prepare this case for the February 5 trial date.  Here, as in *Simels*, the "timing of the subpoena casts significant light on its purposes." *Simels*, 767 F.2d at 29-30.  The Court should not allow grand jury to continue to be "misused by the prosecutor for trial preparation."  *Id.* at 29-30.

---

[1] Capitalized terms used herein shall have the meaning given to them in the motion to quash (Doc. No. 177) unless otherwise specifically defined herein.

The Court should also reject the government's specious argument that Mr. Bergstein's motions to quash are somehow inappropriate.  Mr. Bergstein's concern is the government's apparent abuse of the grand jury by continually using it to develop evidence in this case, when the grand jury returned its indictment over a year ago.  The government should not be permitted to essentially have a grand jury on standby that it can repeatedly use to prepare this case for trial, either through subpoenaing documents or threatening potential trial witnesses with grand jury subpoenas unless they voluntarily speak with the government.  "[T]he grand jury is not meant to be the private tool of a prosecutor." *United States v. Fisher*, 455 F.2d 1101, 1105 (2d Cir. 1972). The government continues to use the grand jury as such a tool in this case, and the defense has made a "strong showing that the government's dominant purpose . . . was pretrial preparation." 767 F.2d at 29-30.  Accordingly, the Court should quash the Grand Jury Subpoena "as an abuse of the grand jury process." *Id.*

**B.     The Government's Argument That Mr. Bergstein Lacks Standing To Protect His Own Privileged And Confidential Information Is Meritless.**

To challenge Mr. Bergstein's privilege objections, the government argues that Mr. Bergstein has presented only "unsupported argument" that Mr. Bergstein's tax counsel, the Hochman Firm, had a Kovel arrangement with the Gaynor Firm.  *See* Opp. at 12. As has been an unfortunate pattern in this case, the government's representation is inaccurate.  In fact, the motion to quash is supported by the declaration of Cory Stigile (a partner at the Hochman Firm) stating that "[i]n connection with the Hochman Firm's legal representation of Mr. Bergstein, the Hochman Firm entered into a Kovel arrangement with [the Gaynor Firm]." *See* Declaration of Cory Stigile, Doc. 178 at ¶ 2.  Accordingly, *United States Hatfield*, 2010 WL 183522 (S.D.N.Y. Jan. 8, 2010), cited by the government at page 12 of its opposition, is inapposite.  In that case there was no evidence of a Kovel relationship between law firm and the accountant; here, there is.

Because Mr. Bergstein has a legitimate claim of privilege, as well as a proprietary interest in his own records, he has standing to move to quash the Grand Jury Subpoena.  *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (2d Cir. 1975) (party has standing to object to subpoena

directed to non-party where there is a claim of privilege). The Grand Jury Subpoena plainly seeks privileged communications and protected work product by seeking, among other things, all work papers and correspondence with Mr. Bergstein. For this separate reason, the Court should quash the Grand Jury Subpoena.

### C. Conclusion.

For the foregoing reasons, those set forth in the motion to quash, the Court should Quash the Grand Jury Subpoena and order the government to submit to Mr. Bergstein, or to the Court *in camera*, all grand jury subpoenas that have been issued and/or served in the last 6 months that have resulted or could result in production of evidence that the government may use to prepare for or in the upcoming February 5, 2018 trial.

Dated:  January 4, 2018
**BIENERT, MILLER & KATZMAN PLC**
By:     /s/ Thomas H. Bienert, Jr.
        Thomas H. Bienert, Jr.
        Kenneth M. Miller
        Anthony R. Bisconti
        903 Calle Amanecer, Ste. 350
        San Clemente, CA 92673
        T: 949.369.3700
        F: 949.369.3701
        E-mail: tbienert@bmkattorneys.com
                kmiller@bmkattorneys.com
                tbisconti@bmkattorneys.com

        *Counsel to David Bergstein*

423250-1