IN THE UNITED STATES OF AMERICA
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
                -vs-                     :   Case No. 16-cr-746-PKC
                                         :
DAVID R. BERGSTEIN, *et al.*,            :
                                         :
-------------------------------------------------------------x

# RESPONSE TO BRIEF RE WITNESS PAUL PARMAR'S ASSERTION OF FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION

Jeffrey C. Hoffman
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, NY 10019
T: (212) 237-1000
Email: jhoffman@windelsmarx.com

*Counsel to Paul Parmar, Witness*

Dated: February 14, 2018

{11503643:1}

IN THE UNITED STATES OF AMERICA
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
            -vs-                         :    Case No. 16-cr-746-PKC
                                         :
DAVID R. BERGSTEIN, et al.,              :
                                         :
-----------------------------------------------------------x

## RESPONSE TO BRIEF RE WITNESS PAUL PARMAR'S ASSERTION OF FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION

### A.   Paul Parmar's Appearance in Court

Paul Parmar (hereinafter "Parmar") appeared before the Court on February 5, 2018 and asserted his Fifth Amendment privilege in response to questions asked by Thomas H. Bienert, Jr. (hereinafter "Bienert"). As contained on page 2 of David Bergstein's Brief (hereinafter "Bergstein"), most of the questions asked inferred wrongdoing by Parmar, including having been "…paid millions of dollars to provide MD Tablet to ARIAS LIBRA…and whether he still possessed those assets." Additionally, Parmar was asked questions about surreptitiously recording conversations with Bergstein, Hallac and Wellner. As stated in Defendant's Exhibit 1, a lawsuit brought by Bergstein against Parmar and others, Parmar illegally recorded the above-mentioned individuals Paragraph 37. Bergstein further alleged in his Complaint that after paying Parmar significant funds in return for Parmar turning over certain assets, one of which was the above-mentioned MD Tablet, Parmar refused to do so Paragraph 45. Lastly, Bergstein accused Parmar of extortion in Paragraphs 48 through 53 of his Complaint. All of the above allegations of criminality were subsumed in many of the questions put to Parmar on February 5, 2018.

{11503643:1}

B.  **Availability of the Privilege**

We agree with the description of the privilege as contained in Bergstein's Brief. We disagree with the characterization of Parmar as a government informant "…between 2010 through 2016." In their Brief, Bergstein alleges that Parmar had a relationship with the FBI in 2010 and 2013. However, it is not alleged until 2014 through 2016 that Parmar did anything proactively for the government nor is there any allegation that Parmar's financial dealings with Bergstein were done in conjunction with or under the auspices of the government.

C.  **Statute of Limitations**

Bergstein cites three (3) cases for the proposition that Parmar cannot properly assert his Fifth Amendment privilege in view of the Statute of Limitations. The holdings in each of those cases turns on different issues. In *Brown v. Walker*, an 1896 Supreme Court case, the Court reversed a lower court that sought to require a witness to answer questions. It specifically affirmed the witness' right under the Fifth Amendment to refuse to answer questions and ordered his release from custody. In *United States v. Feldman*, the question was whether immunized testimony compelled by the State of New York could be used in a Federal prosecution. Lastly, in *United States v. Forbes*, the question determined by the Court was one of "newly discovered evidence". In dicta the Court stated that since all the crimes allegedly committed by an individual were beyond the State of Limitations his privilege against self-incrimination had been effectively 'waived". The Court was simply referring to a holding in another case and, specifically, put the word waived in quotes.

In the instant case, many of the allegations by Bergstein of wrongdoing against Parmar are continuing crimes, *e.g.*, if Parmar continues to hold property for which he was paid

{11503643:1}

by Bergstein or conspires to do so, that crime would be ongoing. If Parmar in 2012 and thereafter engaged in extortion, as alleged in Bergstein's Complaint, Paragraphs 54 through 62 would be a continuing conspiracy, that would be without the Statute of Limitations. If any of Parmar's financial dealings, as described by Bergstein, have any criminal tax consequences, those could be continuing crimes and in the case of any financial crimes involving financial institutions there is a ten (10) year Statute of Limitations. Lastly, the Statute of Limitations does not prohibit the Government from bringing charges. It would require the Defendant to plead it as a defense. That testimony leading to criminal allegations that might have a Statue of Limitations defense can still subject one to the ignominy of arrest and the expense of defense.

## CONCLUSION

Bergstein in his lawsuit against Parmer alleges extortion, larceny, possession of stolen property, illegal use of Government agents, illegally recording phone conversations and explicitly and implicitly conspiring to do the same. Most of these alleged crimes have continuing components that would potentially make the Statute of Limitations non-applicable.

Therefore, Paul Parmar has appropriately asserted his Fifth Amendment privilege.

February 14, 2018

                                                      s/s Jeffrey C. Hoffman
                                                      Jeffrey C. Hoffman
                                                      WINDELS MARXLANE & MITTENDORF, LLP
                                                      jhoffman@windelsmarx.com

                                                      *Counsel to Paul Parmar, Witness*

To:    Thomas H. Bienert, Jr.
        Bienert Miller & Katzman, PLC
        903 Calle Amanecer, Suite 350
        San Clemente, California 92673
        tbienert@bmkattorneys.com

{11503643:1}

Andrew L. Fish
Saterlee Stephens LLP
230 Park Avenue, 11th Floor
New York, New York 10169
(afish@ssbb.com)

Edward Imperatore
(Edward.Imperatore@usdoj.gov)