# SATTERLEE STEPHENS LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

E-Mail: afish@ssbb.com
Direct Dial: (212) 404-8761

February 14, 2018

*Via ECF*

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY, 10007-1312

Re:   *United States v. Bergstein*, 16 cr. 746 (PKC)

Dear Judge Castel:

    We learned this afternoon that the Government has served a trial subpoena on Daniel Ray—the individual identified as a potential defense summary witness. The subpoena requires Mr. Ray (who is based in California) to appear in Courtroom 11D on this Friday (February 16) and to bring with him "[a]ny and all records relating to your work for David Bergstein and/or any attorney for David Bergstein." A copy of the subpoena and rider are attached. The subpoena should be quashed.

    As a preliminary matter, the defense requests that the Court expeditiously enter an order stating that Mr. Ray does not have to appear in your courtroom on Friday (a day trial is not even in session). We understand that, after receiving the subpoena, Mr. Ray arranged to travel to New York and that his flight departs the West Coast at midday tomorrow. We would like to promptly advise Mr. Ray that he does not have to travel to New York tomorrow.

    Further, the subpoena is improper in numerous respects. First, to the extent the trial subpoena seeks Rule 26.2 material (*i.e.*, prior statements of a witness), it is improper. *See* Fed. R. Crim. P. 17(h). Second, this Court has quashed defense trial subpoenas for failing to meet the specificity requirements set forth in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The Government's broad "any and all records" subpoena plainly fails the *Nixon* test. Indeed, the subpoena seeks a vast array of material that the Government has not produced for its own summary witness. Third, because Mr. Ray is a summary witness without personal knowledge of the events at issue, the Government's subpoena appears to be a fishing expedition for impeachment material. This Court has ruled in this case that that is not a proper use of a trial

SATTERLEE STEPHENS LLP

The Honorable P. Kevin Castel
February 14, 2018
Page 2

subpoena for documents. Fourth, under any circumstances, it is unduly burdensome to require a defense summary witness to be forced to travel cross-country midtrial, thereby interfering with the preparation of the defense.

The defense reserves the right to raise additional grounds to quash the subpoena, but in light of the emergency created by Mr. Ray's need to board a plane on the West Coast tomorrow, the defense requests that the subpoena be quashed promptly

Respectfully submitted,

SATTERLEE STEPHENS LLP

/s/ Andrew L. Fish
Andrew L. Fish

BIENERT, MILLER & KATZMAN, PLC

/s/ Thomas H. Bienert, Jr.
Thomas H. Bienert, Jr.

cc: All counsel (via ecf)