# SATTERLEE STEPHENS LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

E-Mail: afish@ssbb.com
Direct Dial: (212) 404-8761

February 16, 2018

*Via ECF*

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY, 10007-1312

   Re: *United States v. Bergstein*, 16 cr. 746 (PKC)

Dear Judge Castel:

  We write in response to the Court's proposal that the Court deliver portions of the jury instructions prior to the close of evidence. As the Court observed, Rule 30 of the Federal Rules of Criminal Procedure states that the court "may instruct the jury before or after the arguments are completed, or at both times." Before the rule was amended in 1987, it required that jury instructions follow closing arguments. The advisory committee notes state that the rule was amended "to give the court discretion to instruct the jury before or after closing arguments, or at both times." It seems implicit in the advisory committee notes that the jury instructions will follow the close of evidence, and be given immediately prior to or following closing arguments. Indeed, breaking up jury instructions over the length of the trial creates the risk that the jury will not consider the instructions as a whole.

  The case defense counsel was thinking of yesterday was *United States v. Yakobowicz*, 427 F.3d 144, 153 (2d Cir. 2005), in which the Second Circuit held that an interim summation procedure violated a defendant's right to a fair trial. The defendant respectfully submits that delivering the final jury instructions in sections while the trial is ongoing creates equally high dangers, as instructions on important legal concepts will be delivered in bits and pieces while the jury continues to hear the evidence. Further, instructing the jury before the close of evidence

SATTERLEE STEPHENS LLP

The Honorable P. Kevin Castel
February 16, 2018
Page 2

raises the possibility that the applicability of the instruction could be undermined by later evidence. That would also violate a defendant's right to a fair trial.

Respectfully submitted,

SATTERLEE STEPHENS LLP

/s/ Andrew L. Fish
Andrew L. Fish

BIENERT, MILLER & KATZMAN, PLC

/s/ Thomas H. Bienert, Jr.
Thomas H. Bienert, Jr.

cc: All counsel (via ecf)