# BIENERT, MILLER & KATZMAN
*A Professional Law Corporation*

February 19, 2018

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY, 10007-1312

      Re:    *United States v. Bergstein et al*, Case No. 16-cr-746-PKC-1

Dear Judge Castel:

      We write on behalf of defendant David Bergstein to request that the Court direct the government to disclose which of Mr. Bergstein's present or former attorneys it has contacted and communicated with during its investigation in this case. The defense has asked the government to provide this information voluntarily, but the government ignored these requests, necessitating the instant letter request.

      The defense's request for this information is not trivial. A unanimous jury previously found that Mr. Bergstein's former attorney for over 10 years, Susan Tregub, committed malpractice and breached her fiduciary duties to Mr. Bergstein and certain of his businesses, resulting in an award of more than $50 million in damages.[1] *See* Ex. 1 (Jury Verdict). At the same time Tregub was representing Mr. Bergstein and his companies, she began covertly working for Mr. Bergstein's direct adversary David Molner, the former manager of Aramid Entertainment Fund Ltd., which is one of the hedge funds relevant to this trial. Ultimately, Tregub was suspended from the practice of law based on her multiple acts of professional misconduct. *See* Ex. 2 (Order of Suspension).

      Tregub provided Molner with Mr. Bergstein's privileged and confidential information and assisted with the organizing, filing, and prosecution of involuntary bankruptcy cases against five of Mr. Bergstein's entertainment industry related businesses. Tregub thereafter worked with Molner to get a trustee appointed in those cases, and provided the trustee with privileged and confidential information about Mr. Bergstein and his businesses—including much of the same information that the government has introduced and sought to introduce at trial in this case regarding Mr. Bergstein's business dealings in 2007 and 2008. Indeed, a number of the government's marked exhibits reflect that they consist of Tregub's records, and Tregub has been discussed a number of times a trial. *See, e.g.*, GX 738-741; *see also* Tr. at 1104, 1115, 1123 & 1124.

      As the Court knows from prior filings, although the bankruptcy trustee—using privileged and confidential information obtained from Tregub—filed a "report" containing many of the same allegations against Mr. Bergstein that the government has parroted in this case as purported 404(b) evidence, the trustee and his counsel were ultimately discredited in a scathing order by the

---

[1] This award was subsequently reversed on appeal because, while the California Court of Appeal agreed that Tregub had breached her duties and acted to harm Mr. Bergstein, subsequent acts of the bankruptcy trustee constituted an intervening cause of the damages suffered by Mr. Bergstein and his businesses.

To:  Honorable P. Kevin Castel
Re: *USA v. Bergstein et al*
February 19, 2018
P a g e | **2**

BIENERT, MILLER & KATZMAN
A Professional Law Corporation

bankruptcy court, and the cases were dismissed.  *See* Ex. 3 (finding that the trustee and his counsel engaged in "gross mismanagement," "blatant abuse of the legal system," "neglect of [their] duty to properly administer the estates," "blatant forum shopping," "unwillingness to accept responsibility for their lack of due diligence in attending to the administration of [bankruptcy cases]," making "blatantly false statement[s]," persistence in continuing to make a "false argument, which seriously put[] into question both the credibility and judgment of both [the trustee and his counsel]," and taking "action in blatant disregard of their duties, as officers of the court . . . .").  Unfortunately, that was not until after more than five years of hotly contested litigation, millions of dollars of legal fees, and a public smear campaign (which eventually included government informant Paul Parmar working with Molner to leak disparaging information about Mr. Bergstein and promote a criminal investigation of Mr. Bergstein, including through coordination with the case agent in this case).

      Mr. Bergstein has a right to know if the government is communicating with his present or former attorneys so he can investigate whether any privileged and/or confidential information has been improperly disclosed, as has happened in the past.  Accordingly, the defense requests that the government be required to disclose: (i) the identify of any of Mr. Bergstein's present or former lawyers with whom the government has communicated in connection with its investigation of this case and preparation for trial; (ii) the dates on which such communications occurred; and (iii) a summary of information, if any, that Mr. Bergstein's present or former counsel provided to the government.

Respectfully Submitted,

/s/ Thomas H. Bienert, Jr
Thomas H. Bienert, Jr.
BIENERT, MILLER & KATZMAN, PLC

/s/ Andrew L. Fish
Andrew L. Fish
SATERLEE STEPHENS LLP

*Counsel to David Bergstein*

*Counsel to David Bergstein*