U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 20, 2018

BY CM/ECF

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>  Re: *United States* v. *David Bergstein*, 16 Cr. 746 (PKC)

Dear Judge Castel:

    The Government respectfully submits this response to Bergstein's February 19, 2018 letter ("Def. Ltr.") requesting that "the Court direct the Government to disclose which of Mr. Bergstein's present or former attorneys it has contacted." (Dkt. 284). Bergstein's request, which does not cite a single case or rule, is frivolous and should be denied.

    The majority of Bergstein's letter reads more like a recap of his victories in civil cases than an actual discovery request in this criminal case. That Bergstein received a $50 million jury verdict in a lawsuit against his former attorney Susan Tregub, for example, is no more relevant than the fact that the very same verdict was subsequently overturned on appeal. (*See* Def. Ltr. 1 & n.1). And the fact that Bergstein engaged in "hotly contested litigation" against his bankruptcy trustee and endured "a public smear campaign" is similarly irrelevant to the question of whether the Government should be ordered to provide the type of discovery Bergstein requests—which, it should be noted, is not provided for by Rule 16.

    Nor does Bergstein provide any plausible basis to think that the Government engaged in misconduct. Bergstein suggests that his attorneys may have improperly disclosed privileged information to the Government, but he provides no actual reasons to think this is true. The closest he comes is an argument that the bankruptcy trustee's report "contain[ed] many of the same allegations against Mr. Bergstein that the government has parroted in this case as purported 404(b) evidence." (Def. Ltr. at 1). It is not obvious why overlap between the contents of a bankruptcy trustee's report would suggest that the Government had interfered with attorney-client privileges. The bankruptcy trustee was not Bergstein's lawyer. And the allegations that underlie the 404(b) evidence in question—that Bergstein paid hundreds of thousands of dollars

to casinos with money loaned to his businesses—are the type that rely on bank records rather than privileged information.

 Citing Government Exhibits 738 to 741, Bergstein also claims that "a number of the government's marked exhibits reflect that they consist of Tregub's records." (Def. Ltr. 1). Of course, there is nothing wrong with requesting non-privileged information such as invoices from law firms. Bergstein has in fact stipulated to some such records, and has produced to the Government unreacted legal invoices that he apparently intends to use in his defense. But the claim that the exhibits in question "consist of Tregub's records" is entirely misleading and wrong. The exhibits that Bergstein cites are <u>bank records</u> that were produced by <u>Bank of America</u>, not Susan Tregub. And it is hard to see how Bergstein could have been confused on this issue since he signed a stipulation recognizing that those same exhibits were "cop[ies] of bank records from a bank account at Bank of America." (*See* GX405). Those records were produced months ago, which begs the question of why Bergstein waited until two weeks into trial, let alone at 11:52 p.m. on the night before a trial day, to file his motion.

 Bergstein's request is legally and factually unsupported. It should be denied.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by: \_\_\_\_\_/s/_____
  Edward Imperatore/Robert Allen/Elisha Kobre
  Assistant United States Attorneys
  (212) 637-2327/2216/2599