# SATTERLEE STEPHENS LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

www.ssbb.com

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

E-Mail: afish@ssbb.com
Direct Dial: (212) 404-8761

February 25, 2018

*Via ECF*

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY, 10007-1312

Re:   *United States v. Bergstein*, 16 cr. 746 (PKC)

Dear Judge Castel:

We write in response to the Government's letter seeking to preclude evidence of a prior inconsistent statement of James King.

At trial, Mr. King testified as follows:

Q.  Mr. King, is it true that in November 2011 Dr. Swartz's sons-in-law were ultimately comfortable with a consulting arrangement through Swartz IP?

A. No. That is not true. They were not consulted at that time at all.

* * *

A. No. It was very clear that his son-in-laws as well as his daughters did not want him to have any relationship with Mr. Bergstein whatsoever, including a consulting relationship.

* * *

A. Contrary to the advice of -- the advice he was receiving from me personally and his family, he continued to consider a possibility of having a consulting agreement with Mr. Bergstein or his companies.

(Tr. 1299-1301).

SATTERLEE STEPHENS LLP

The Honorable P. Kevin Castel
February 25, 2018
Page 2

In contrast, an FBI 302 states as follows: "King stated that Swartz's sons-in-laws really did not want Swartz to have any further relationship with Bergstein, but were ultimately comfortable with a consulting relationship through SIP."

King was confronted with this statement (Tr. 1300, lines 18-21 (note that "but were" appears to have been incorrectly transcribed as "or")). The defense advised both the Government and the Court of its intent to offer the prior statement. (Tr. 1296, lines 10-12). This statement is directly relevant to the question of whether Swartz would have engaged in business transactions with Mr. Bergstein in the 2011-12 time period.

The statement should be admitted pursuant to Rule 613(b) of the Federal Rules of Evidence. It can be offered in evidence through either a stipulation or short testimony.

Respectfully submitted,

SATTERLEE STEPHENS LLP

/s/ Andrew L. Fish
Andrew L. Fish

BIENERT, MILLER & KATZMAN, PLC

/s/ Thomas H. Bienert, Jr.
Thomas H. Bienert, Jr.

cc: All counsel (via ecf)