# BIENERT, MILLER & KATZMAN
*A Professional Law Corporation*

February 25, 2018

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY, 10007-1312

    Re:    *United States v. Bergstein et al*, Case No. 16-cr-746-PKC-1

Dear Judge Castel:

    Defendant David Bergstein hereby moves to quash the "if, as, and when" Rule 17(c) Subpoena the Government served on January 25, 2018, and which is attached as Exhibit 1 (the "Subpoena"). The Subpoena is a discovery request that seeks 30 broad categories of documents and "all documents" for 23 of those broad categories. The "Rider" to the Subpoena explains that the "term 'document' has the broadest meaning possible" and calls for the production of all documents Mr. Bergstein can access, including documents located in off-site storage, in the possession of third parties, and all documents that are electronically stored on the internet.

    Even the requests that do not seek "all documents" are both vaguely defined and temporally unlimited. For example, the first two requests seek unidentified "contracts" between any entities Bergstein owns or controls (without further definition), and any entities somehow "related" to Gerova (without further definition) and "bank records showing disbursements of funds" pursuant to the unidentified contracts with the unidentified entities.

    After spending the last year moving to quash defense Rule 17(c) subpoenas, the government's subpoena to Mr. Bergstein is truly an over-the-top "fishing expedition." This Court has recognized that *Nixon* applies to Rule 17(c) subpoenas served during trial. [2/15/18 Tr. 1248]. In fact, subpoenas between the parties go to the core of the *Nixon* Standard (which the Subpoena does not come close to meeting).

    Even assuming, *arguendo*, that the Subpoena met the *Nixon* Standard, it should still be quashed under the plain language of Rule 17(c)(2), because it is both unreasonable *and* oppressive. Compliance would be oppressive because it would force the defense to search multiple locations to respond to an overbroad request, while the defense was still contending with the government's late large discovery productions and its focus at trial on voluminous, complex, extrinsic allegations. Further, compliance would also be unreasonable when the government's almost unlimited access to evidence is weighed against the burdens the Subpoena imposes on the defense. Finally, compliance would be both unreasonable and oppressive because it would unduly burden Mr. Bergstein's right to testify in his own defense and violate Mr. Bergstein's act-of-production immunity under the Fifth Amendment.

    Notably, Mr. Bergstein has spent the past three weeks in New York – thousands of miles away from the locations where responsive documents would presumably be located. The

| | |
|---|---|
| To: Honorable P. Kevin Castel | BIENERT, MILLER & KATZMAN |
| Re: *USA v. Bergstein et al* | A Professional Law Corporation |
| February 25, 2018 | |
| P a g e | **2** | |

Government served the subpoena on Mr. Bergstein on January 25 – only 10 days before this New York-based trial commenced. Under these circumstances, it is simply not feasible for the defendant to respond to the Government's voluminous document requests. The subpoena should be quashed.

### A. THE SUBPOENA SHOULD BE QUASHED AS AN IMPROPER "FISHING EXPEDITION"

As this Court is well aware, Rule 17(c) is not a method of discovery in criminal cases.

> Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed R.Crim.P. 16." *United States v. Cuthbertson,* 630 F.2d 139, 146 (3d Cir.1980). To ensure that Rule 17(c) subpoenas are not so abused, a party seeking production of documents must demonstrate that the materials sought are: (1) relevant; (2) admissible; and (3) specifically identified. *United States v. Nixon,* 418 U.S. 683, 700 (1974).

*United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995). A Rule 17(c) Subpoena between the parties is *the situation* a strict reading of the *Nixon* Standard was designed to address:

> The *Bowman-Iozia-Nixon* standard exists to reconcile the broad language of Rule 17(c) with the limitations on pretrial discovery inherent in the far narrower language of Rule 16. In other words, its function is to prevent the "exception" (i.e., the broad language of Rule 17(c)) from swallowing the "rule" (i.e., the Rule 16 limitations on the discovery available to criminal defendants).

*United States v. Stein,* 488 F.Supp.2d 350, 366 (S.D.N.Y. 2007). Thus, the situation is very different than the myriad defense subpoenas *to third parties* in which the defense advocated for a broad interpretation of the *Nixon* Standard. An "if, as, and when" subpoena to a criminal defendant must meet a stringent standard of specificity, relevance and admissibility. It may not seek materials "otherwise procurable . . . by [the] exercise of due diligence" or be part of a "fishing expedition." *Nixon,* 418 U.S. at 699-700.

The Subpoena falls far short of this standard. First, it does not "specifically identify the materials [the government] is seeking. . . ." *United States v. Bergstein,* 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017). Instead, it requests "all documents" in numerous amorphous categories. For example, Request No. 5 seeks "[a]ll documents reflecting Jerry Swartz's involvement in Swartz IP Services." The request does not specify the documents sought; it seeks "all" documents. Nor does it define a category, other than documents somehow "reflecting" Swartz's involvement. Likewise, most of the requests are not even limited to a date range. And of those that are, most cover many years. *See, e.g.*, Request No. 18 (7 years), No. 26 (9 years), and Nos. 21 and 25 (3 years). The Subpoena is simply an extremely broad "fishing expedition."

Second, "[w]hen 'many' of the subpoenaed materials are obtainable through the discovery process, a subpoena contravenes *Nixon's* requirement that subpoenaed materials must not be

Case 1:16-cr-00746-PKC   Document 297   Filed 02/25/18   Page 3 of 5

To:  Honorable P. Kevin Castel                                    BIENERT, MILLER & KATZMAN
Re: *USA v. Bergstein et al*                                      A Professional Law Corporation
February 25, 2018
P a g e | **3**

otherwise procurable in advance of trial by the exercise of due diligence." *Id.* The government has or will receive all discovery to which it is entitled under Rule 16, and there is clear overlap between the documents that have been provided and the discovery sought with the Subpoena. Moreover, the government has been investigating this case for years with a seemingly unbridled access to grand jury subpoenas. Indeed, the government has thousands of documents and emails from Mr. Bergstein's entities and has been using them throughout trial. Thus, the government cannot establish that most or all of the documents it seeks are not available from another source with the exercise of reasonable diligence.

Third, the government cannot show that *any* of the material it seeks is actually admissible at trial. *Cherry,* 876 F.Supp. at 552. That would be an impossible task since they cannot specifically identify what they want. The Court should quash the Subpoena because it is simply an extremely broad discovery request, i.e., a "fishing expedition."

### B.  THE SUBPOENA SHOULD BE QUASHED AS UNREASONABLE AND OPPRESSIVE

Apart from not meeting the *Nixon* Standard, the Subpoena should also be quashed under the plain language of Rule 17(c)(2). Rule 17(c)(2) provides that Courts may quash or modify subpoenas when compliance would be "unreasonable or oppressive." Here, compliance would be both.

#### 1.  The Subpoena Is Burdensome and Oppressive

The government has focused its late discovery dumps [see, e.g. Doc. Nos. 184 (Defense Adjournment Request), 197 (Opposition to Motions *in Limine*), 231 (Supplemental Opposition), and 258 (Motion for Reconsideration)] and much of its case on an uncharged, extremely complex, media-financing and acquisition deal from 10 years ago. The defense has repeatedly asserted that it cannot be prepared to meet this evidence without a continuance. See, e.g., Doc. No. 184 (Adjournment Request). To compound the problem by forcing the defense to meet the Subpoena's burdensome demands would be truly oppressive. The Subpoena calls for Mr. Bergstein to scour an apparently unlimited number of locations, for a virtually unlimited number of vaguely defined documents, while in the middle of trial prep and a complex trial that has been made infinitely more complex by the government's focus on 2007-2008 media financing and acquisition deals. The requirements for compliance are impossible to meet given that Mr. Bergstein is on trial in New York, while he lives in California (where many responsive documents would presumably be located.)   It is patently burdensome and oppressive.

#### 2.  Enforcing the Subpoena Would Be Unreasonable

Balancing the benefits and burdens imposed by the Subpoena demonstrates that enforcement would be unreasonable. The government has or will receive all discovery to which it is entitled under Rule 16. "Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Moreover, the government conducted an extensive investigation with virtually unlimited use of grand jury

To:  Honorable P. Kevin Castel					BIENERT, MILLER & KATZMAN
Re: *USA v. Bergstein et al*					A Professional Law Corporation
February 25, 2018
P a g e | **4**

subpoenas.  So, it has received all evidence the defense is using in its case in chief, and has had an almost unlimited opportunity to obtain whatever other evidence it wanted or needed.  Given the government's broad access to documents, and the fact it has received (or will receive) all the discovery to which it is entitled, it would be unreasonable to saddle the defense with the Subpoena's extremely burdensome demands.

### 3. The Subpoena Is Unreasonable and Oppressive Because, Under the Facts of this Case, It Violates Mr. Bergstein's Right to Testify In His Own Defense

"The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution. It is one of the rights that 'are essential to due process of law in a fair adversary process.' *Faretta v. California,* 422 U.S. 806, 819, n. 15 (1975)."  Rock v. Arkansas, 483 U.S. 44, 51 (1987).  It is based upon the Due Process Clause, the Sixth Amendment's Compulsory Process Clause and as a "necessary corollary to Fifth Amendment's guarantee against compelled self-incrimination." *Id. a*t 51-53.  Conditioning that right on compliance with the Subpoena, in light of the burden the government's trial tactics (i.e., last minute data dumps and focus on voluminous, extrinsic, complex and temporally remote evidence) have already placed on the defense, would violate Mr. Bergstein's very right to testify in his own behalf.

### 4. The Subpoena Is Unreasonable and Oppressive Because It Violates Mr. Bergstein's Fifth Amendment Act-of-Production Privilege

> [T]he act of producing documents in response to a subpoena may have a compelled testimonial aspect. [The Supreme Court has] held that the *act of production itself* may implicitly communicate statements of fact. By producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic.

*United States v. Hubbell,* 530 U.S. 27, 34 (2000). (quotation marks omitted) (emphases added).  *See also United States v. Doe,* 465 U.S. 605, 612-14 & n.13 (1984). In *Hubbell,* the Court found the act of production privilege to apply because "the Government ha[d] not shown that it had any prior knowledge of either the existence or the whereabouts of the 13,120 pages of documents ultimately produced by respondent." *Id.* at 45. Nor could the Government "cure this deficiency through the overbroad argument that a businessman such as respondent will always possess general business and tax records that fall within the broad categories described in this subpoena." *Id.* The Second Circuit has also recognized that "[b]ecause the act of producing documents can be both incriminating and testimonial--such as when it confirms the documents' existence, possession, or authenticity--a subpoenaed party may be able to resist production on Fifth Amendment grounds." *In re Grand Jury Subpoena Issued June 18, 2009,* 593 F.3d 155, 157 (2d Cir. 2010).

The act of production privilege applies here. Just as in *Hubbell,* the Government has subpoenaed a large volume of documents from Mr. Bergstein--many of which the Government already possesses--but as to those which it does not, the Government has not demonstrated the existence or whereabouts of any of these documents, and thus Mr. Bergstein would be required to confirm the existence and authenticity of them, as well as his possession of them, should they

Case 1:16-cr-00746-PKC   Document 297   Filed 02/25/18   Page 5 of 5

| | |
|---|---|
| To:  Honorable P. Kevin Castel | BIENERT, MILLER & KATZMAN |
| Re: *USA v. Bergstein et al* | A Professional Law Corporation |
| February 25, 2018 | |
| P a g e | **5** | |

actually exist. Moreover, also just as in *Hubbell,* it is not a "foregone conclusion" that any person in Mr. Bergstein's position would possess the "broad categories" of documents described in the Government's subpoena. *Hubbell,* 530 U.S. at 44-45. Instead, because the requested documents are not self-authenticating, the act of production privilege applies here.

Mr. Bergstein recognizes that "a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination." *Jenkins v. Anderson,* 447 U.S. 231, 236 n.3 (1980) (quotation marks omitted). Accordingly, in the event Mr. Bergstein testifies at trial, he may properly be subject to cross-examination within the scope of his direct testimony. Mr. Bergstein is not, however, aware of any authority extending this Fifth Amendment waiver doctrine to the production of *documents.* Accordingly, Mr. Bergstein respectfully contends that any testimony he may provide at trial would not waive his act of production privilege with respect to the subpoenaed documents.

### C.  CONCLUSION

For the foregoing reasons, the Subpoena should be quashed in its entirety.


Respectfully Submitted,

| | |
|---|---|
| /s/ Thomas H. Bienert, Jr | /s/ Andrew L. Fish |
| Thomas H. Bienert, Jr. | Andrew L. Fish |
| BIENERT, MILLER & KATZMAN, PLC | SATERLEE STEPHENS LLP |
| | |
| *Counsel to David Bergstein* | *Counsel to David Bergstein* |