*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 25, 2018

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. David Bergstein, 16 Cr. 746 (PKC)**

Dear Judge Castel:

      The Government respectfully writes this brief reply in further support of its motion to preclude defendant David Bergstein from offering prior statements made by Keith Wellner to the FBI and the SEC.

      Nowhere in the defendant's February 25, 2018 opposition letter does Bergstein identify which of Wellner's statements Bergstein seeks to offer or explain how they were in fact inconsistent with his trial testimony.

      The Government has confirmed that the notes memorialized in 3514-02 reflect statements made by Wellner's counsel during an attorney proffer, in which Wellner did not participate. Bergstein's counsel conceded that the statements made in 3512-02 are inadmissible as prior inconsistent statements. (Tr. 2173).  Moreover, Bergstein's counsel acknowledged that the set of notes with which he sought to refresh Wellner's recollection were 3512-02, which do not reflect any statements made by Wellner.  Accordingly, Wellner was never actually confronted with or given an opportunity to explain any of his prior statements to the SEC.

      To the extent Bergstein still seeks to introduce Wellner's prior statements to the FBI, those statements are not in fact inconsistent with Wellner's trial testimony, for the reasons stated in the Government's letter motion.  Bergstein's letter does not identify which statements to the FBI he seeks to introduce or explain how they are inconsistent with his testimony on the witness stand.  Bergstein's claim that he should be entitled to call an agent simply to testify as to Wellner's failure to say something during a proffer session is meritless, and would give rise to numerous such witnesses being called in every criminal case.  There are always proffer sessions and interviews where various issues do not arise.  But the absence of an issue being discussed is not inconsistent with of the statements that Wellner made on direct.  Nor, in the line of questioning quoted in Bergstein's letter was Wellner ever given an opportunity to explain why the issues in question did not arise in his proffers with the FBI.

Accordingly, Bergstein should be precluded from introducing any of Wellner's prior statements.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    /s/
        Edward Imperatore/Robert Allen/Elisha Kobre
        Assistant United States Attorneys
        (212) 637-2327/2216/2599