S ATTERLEE S TEPHENS LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

www.ssbb.com

E-Mail: afish@ssbb.com
Direct Dial: (212) 404-8761

February 26, 2018

*Via ECF*

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY, 10007-1312

      Re:    *United States v. Bergstein*, 16 cr. 746 (PKC)

Dear Judge Castel:

      Pursuant to the Court's direction, the defense submits this letter brief in further support of its motion for a judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. The defense incorporates by reference all arguments set forth in its pretrial motion to dismiss Counts Two through Five (Doc. 233), and raises these additional points.

**I.    The Evidence Is Insufficient to Support a Conviction on the Investment Advisor Fraud Charges**

      The evidence is insufficient to support a conviction on the investment advisor fraud charges (Counts Two and Three) and the investment advisory fraud object of the conspiracy charged in Count One for several reasons. First, the charges in the Indictment are premised on Albert Hallac's status as an investment advisor to the *investors* of Weston funds, as opposed to the funds themselves. *See* Doc. 233 at 2-3. Because Hallac served as an investment to the funds, and not the fund investors, the evidence is insufficient to support the charges under Sections 80b-6(1) and (2). *See* Doc. 233 at 4-53. Further, although the Government has suggested that Hallac was an investment advisor to investors (an allegation not made in the Indictment), Hallac did not agree. Hallac readily agreed that he was an investment advisor to the funds. *See* Tr. 1396. In contrast when he was asked if he "act[ed] as an investment advisor for the people who invested in Weston's funds," Hallac cryptically responded, "If they asked me some advice I would definitely be able to do so." *Id*. For this reason, the jury cannot conclude that Hallac served as investment advisor to investors and the Section 80b-6(1) and (2) charges should not be presented to the jury.

SATTERLEE STEPHENS LLP

The Honorable P. Kevin Castel
February 26, 2018
Page 2

Further, the evidence is insufficient to support the Section 80b-6(4) charge for the reasons set forth in the defendant's pretrial motion to dismiss. *See* Doc 233 at 5-6.

Because Hallac did not owe duties to investors (as opposed to the funds themselves), there is also insufficient evidence to support the investment advisor object of the conspiracy charged in Count One.

II. **The Evidence Is Insufficient to Support a Conviction on the Securities Fraud Counts**

The evidence is insufficient to support a conviction on the securities fraud counts (Counts Four and Five) for at least two reasons. First, the alleged fraud is the failure to disclose allegedly conflicted loan transactions. But, absent a duty to disclose, a fraud charge cannot be based on an omission theory. *See*, *e.g.*, *Basic, Inc., v. Levinson*, 485 U.S. 224, 239 n.17 (1988) ("Silence, absent a duty to disclose, is not misleading under Rule 10b-5."); *Chiarella v. United States*, 445 U.S. 222, 228 (1996)). Because Mr. Bergstein did not have a duty to disclose information, the securities fraud charges should be dismissed.

Further, the alleged failure to disclose conflicted transactions was not in connection with the purchase or sale of securities. Rather, the alleged failure to disclose related to extensions of loans. For this reason, as well, the securities fraud charges should be dismissed.

III. **The Evidence is Insufficient to Support a Conviction on the Wire Fraud Count**

Count Seven charges a scheme to defraud fund investors, but the evidence proffered by the Government related to an alleged scheme to defraud the funds themselves, rather than fund investors. Mr. Bergstein did not ask particular investors for money, and he only received money from the funds (P2 and TT) themselves. Accordingly, the evidence is insufficient to support a conviction on the crime charged in the Indictment.

Respectfully submitted,

SATTERLEE STEPHENS LLP

/s/ Andrew L. Fish
Andrew L. Fish

BIENERT, MILLER & KATZMAN, PLC

/s/ Thomas H. Bienert, Jr.
Thomas H. Bienert, Jr.

cc: All counsel (via ecf)